[No. 3848.     Decided April 2, 1902.]

A. J. WOLF et al., Respondents; v. HEMRICH BROS. BREWING COMPANY, Appellant.

PLEADING — AMENDMENT ON TRIAL — IMMATERIAL VARIANCE.

Where a complaint alleged that defendants' negligence consisted in driving a wagon ahead of a street car and, instead of stopping, to allow the car to pass, attempt was made to drive the team between the car tracks and plaintiff's horse and wagon standing at the curb, where the space was too narrow and a collision resulted to the injury of plaintiffs, evidence that the car had passed defendants' wagon some distance down the street, occasionally stopping to let passengers off, and that when the car was opposite plaintiffs' horse defendant attempted to. pass the car by driving between it and the horse and wagon of plaintiffs, constitutes merely an immaterial variance, warranting amendment of the complaint on the trial to correspond with the proofs.

NEGLIGENCE — RECKLESS DRIVING — NON-SUIT.

The question of the negligence of defendant's driver was properly submitted to the jury, where there was evidence that he attempted to drive his team between a street car and plaintiffs' horse and wagon, in a space which was too narrow, for the purpose of passing, and that just before attempting to drive through such narrow place he whipped up his horses and was going at a lively rate.

SAME — EXAMINATION OF WITNESS — QUESTION CALLING FOR OPINION —HARMLESS ERROR.

In an action to recover damages occasioned by so driving a wagon as to cause a collision with another, it was not prejudicial error for the court to permit a witness to be asked "if the driver seemed to have the team under control, or whether the team was acting in a fractious or excited manner prior to the collision," since the witness could have given no different answer to the question had the word "had" been used in place of the words "seemed to have."

SAME — INSTRUCTIONS.

In an action to recover damages by reason of the negligence of defendant's driver in attempting to drive his team in a space between a street car and plaintiffs' wagon, an instruction that the street car company's negligence was no defense and should not be considered by the jury was not error, when the jury were told in the same connection that they must consider all of the facts attending the collision in determining the question of defendant's negligence, since such instruction means that the car company's negligence, as well as all the other facts and circumstances surrounding the transaction should be considered in determining defendant's negligence.

INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

Although a particular part of an instruction, standing alone, may be of doubtful meaning, yet where, in the light of the whole charge, its meaning is apparent, it does not constitute prejudicial error.

SAME — REFUSAL OF REQUESTS.

The refusal of the court to give requested instructions in the language of the party asking them is not error, where the matter has been fully covered by the general instructions given.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Preston & Embree,* for appellant.

*E. D. McLaughlin* and *Morris & Southard,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an action for damages.    In their complaint the respondents, who were plaintiffs below, alleged, in substance, that they were engaged in business in the city of Seattle, and were owners of a horse, wagon, and harness, which they used in connection therewith; that on the morning of the 15th of February, 1900, the horse was hitched to the wagon and left standing in front of their place of business tied to a strap fastened to a heavy weight; that while the horse was so standing a heavy brewery team and wagon, owned and used by the appellant, was driven along the street by one of its servants, along the side of a street car track, and ahead of a street car going in the same direction; that the appellant's servant, instead of stopping the team before reaching the respondents' horse and wagon, and allowing the street car to pass, carelessly, negligently, and recklessly attempted to drive between the car and respondents' horse and wagon, colliding with the latter, and thereby damaging the harness and wagon, and so injuring the horse that its future usefulness was destroyed.    For answer, the appellant denied the material allegations of the complaint, and pleaded affirmatively contributory negligence on the part of the respondents.    A trial by jury was had, resulting in a verdict and judgment for the respondents.

On the trial of the cause the respondents' evidence tended to show that the street car had passed the brewery wagon some distance down the street from the place where their horse was standing, and proceeded ahead of it, stopping

occasionally to permit passengers to get on and off, until opposite the respondents' horse, when the driver of the brewery wagon attempted to get ahead of the car by driving between it and the horse and wagon of respondents, and that the accident was caused by the driver's inability to pass between the car and the horse and wagon. The respondents, at the conclusion of their case in chief, moved the court for leave to amend their complaint, so as to make it allege that the brewery wagon came up the street behind, instead of in front of, the car, and to further allege that the cause of the injury was the careless, negligent, and reckless attempt of the driver to pass the street car at that point. This amendment was permitted, over the objection of the appellant, and constitutes the first error assigned. It is argued that the effect of the amendment was to change the cause of action; that the negligence originally alleged was the failure on the part of the driver of the brewery wagon to stop his team and permit the car to pass, while the complaint as amended alleged that the negligence consisted in the attempt on the part of the driver to pass the car between the car and the respondents' horse and wagon, and that the proofs, so far from being an immaterial variance from the cause of action originally alleged, failed to prove it in any particular, and to permit a change in the allegations of the complaint so as to make it correspond therewith effected a complete change in the issues made. Before a variance between the allegations and proof shall be held fatal to the plaintiffs' case, it must appear, to use the language of the Code (§ 4951, Ballinger), that "the cause of action . . . to which the proof is directed is not proved; not in some particular or particulars only, but in its entire scope and meaning." Here the gist of the action was the negligence of the driver

of the brewery wagon. The variance consisted in the particular manner he was acting just before and at the time of the collision. The proofs did not therefore fail to prove the cause of action in its entire scope and meaning, but failed only in certain particulars, which the Code, in two preceding sections, expressly provides may be cured by amendment. It was not error, therefore, for the court to allow the amendment to be made.

It is next urged that the court erred in denying a motion for nonsuit made at the close of the respondents' case. This contention is based upon the claim that no negligence on the part of the driver of the brewery wagon was shown. But, we think, counsel have mistaken the effect of the evidence. A witness who was riding on the car, describing the collision, said that the brewery wagon approached the car from the rear; that just before reaching the repondents' horse and wagon the driver of the brewery wagon increased his speed, and attempted to pass the car by going between the car and the respondents' horse and wagon, and that the space was not wide enough to enable him to do so. Still another witness testifies that the brewery team was trotting, "going pretty lively," when it collided with the respondents' horse and wagon. Clearly, this is evidence tending to show negligence on the part of driver of the brewery wagon, which, if believed by the jury, would support a finding by them that the driver was negligent. This being true, so far from being error to refuse so to do, it was the court's duty to submit the question of negligence to the jury.

The court refused to sustain an objection to the following question:

"I will ask the witness if the driver seemed to have the team under control, or whether the team was acting in a fractious or excited manner prior to the collision?"

The objection is to the words "seemed to have." It is said that the question called for a mere opinion, and not a fact, and it was for that reason error to permit it to be answered. Whether this question was technically erroneous or not, we shall not discuss, for certainly there was here no prejudicial error. The witness could not have understood or answered the question differently had counsel used the word "had," instead of the objectionable words. He could answer the question, if put in either form, only by stating how the matter appeared to him, and he did in fact so answer it.

In the course of his instructions to the jury, the court used this language:

"If the harness was injured to an extent, if at all, so as to be perfectly worthless, and the preponderance of the testimony shows that, then you will give the value of that harness."

This is said to be a comment on the facts, as it in effect tells the jury that a preponderance of the evidence shows that the harness was injured to an extent so as to be perfectly worthless. Reading this part of the charge out of its connection with what was said by the court before and afterwards, it can be given the meaning the appellant seeks to attach to it. It seems to us, however, that its natural meaning is directly the opposite. But, be this as it may, the charge as a whole does not leave its meaning in doubt. Prior to using this language the court distinctly and clearly defined to the jury the issues involved, and further on instructed them, not only that the respondents must sustain their case by a fair preponderance of the evidence, but that the jury were the sole and exclusive judges of the facts. Conceding, therefore, this particular part of the instruction, standing alone, to be of doubtful meaning, which is certainly all that can be successfully claimed, the

jury could not, in the light of the whole instruction, have understood that the court meant thereby to tell them that it was established by a preponderance of the evidence that the harness was totally destroyed.

The court in his instructions also used this language: "Here let me remark that it is no defense to this action at all that this car company was guilty of neglect; none at all. It should not be considered by you,"—saying, in the same connection, that the jury, before they could find a verdict for the respondents, must find that the appellant's servant was negligent, and that the collision was caused by reason of his negligence, and that the jury must consider all of the facts attending the collision in determining the question of the appellant's servant's negligence. It is argued that this instruction was error, for the reason that it tells the jury that the neglect of the street car company was not to be considered in determining the question of the appellant's servant's negligence. But we think the appellant again misconstrues the meaning of the instruction. We cannot read this as a charge that all of the circumstances surrounding the transaction, including negligence of the servants of the car company, were not to be considered by the jury in determining whether the servant of the appellant was negligent, for this is not its natural meaning and is plainly contradictory of what is said in the same connection. As we read the instruction, the court said to the jury that negligence on the part of the car company was no defense to the action, and should not be considered by the jury *as a defense thereto,* but that the car company's negligence, as well as all of the facts and circumstances surrounding the transaction, should be considered in determining whether or not the appellant's servant was negligent.

13—28 WASH.

The appellant submitted certain requests for instructions, some of which the court gave, while others were refused on the ground that they were already covered by the instructions the court had given on his own motion. In these rulings we find no error. Such of them as were pertinent were all fully covered by the general instructions, and, as we have often said, when this is the case, it is not error to refuse to repeat them in the language of a party, however pertinent they may be.

The judgment is affirmed.

REAVIS, C. J., and HADLEY, WHITE, MOUNT, ANDERS and DUNBAR, JJ., concur.