[No. 722.    Decided March 10, 1893.]

SEATTLE GAS AND ELECTRIC LIGHT AND MOTOR COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

APPEAL — WEIGHT OF TESTIMONY — INSTRUCTIONS — HARMLESS ERROR.

Where the testimony in a damage case is voluminous and conflicting, the verdict of the jury will not be disturbed on appeal, especially when the jury has examined the premises and property alleged to be damaged.

Although detached expressions in the court's charge to a jury, if considered as independent expressions, may be technically erroneous, yet if the instructions as a whole, and considered together, fairly state the law, in nowise misleading the jury, there is no prejudicial error.

*Appeal from Superior Court, King County.*

*Blaine & DeVries (E. C. Hughes*, of counsel), for appellant.

*George Donworth*, and *James B. Howe*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—In this case it is strenuously insisted that the verdict of the jury is against the evidence. A large claim for damages is made, and the jury found that no damages had been sustained. The testimony is exceedingly voluminous, but we have thoroughly examined it in detail, and from such examination, especially considering the fact that the jury examined the premises and the property alleged to be damaged, we do not think the testimony presents that undisputed proof of damages which would justify this court in disturbing the verdict of the jury.

And after a careful examination of the authorities cited by both appellant and respondent, without particularizing or reviewing such authorities here, we are satisfied that while detached expressions in the court's charge to the

jury, if considered as independent expressions, might possibly be technically erroneous, yet the instructions as a whole, and considered together, fairly state the law, and we are satisfied that the jury were in nowise misled by such instructions.    The instructions are very lengthy, but it seems to us that every element of damage which the plaintiff was entitled to recover could have been properly considered by the jury under the instructions given. Stress is laid by the appellant upon the following alleged instruction:

"You are further instructed that the mere opinion of any witness who has testified in this case that in his opinion the damages which plaintiff has or will suffer by reason of said change of grade consists of, and was of, a given or named amount, such opinion as to the amount of damages is not binding upon you in any wise as to the amount of damages which plaintiff has sustained, if any damage it has sustained whatever."

And, of course, if the court had given any such instruction some question might be raised as to its soundness. But no such instruction was given as an independent proposition, as made to appear by appellant's brief, but the language above quoted was followed by the following qualifying words, viz.:

"If the evidence shows that the opinion of the witness or witnesses is based upon speculative, remote or contingent damages which may arise in the future by reason of some additional improvements placed upon said premises, or if the proof of said witnesses shows that their opinion is based either wholly or in part upon some imaginary loss that might occur in the future, or is based upon a state of facts which might or might not occur in the future."

It is true that a period occurs after the word "whatever," the last word quoted by appellant, instead of a comma, as there should be; but the latter part of the paragraph would be entirely meaningless and senseless except

as a condition to the first part; and a glance at the record so plainly shows that the latter part of the paragraph qualifies the first part that the criticism scarcely merits a notice. Believing that there was no error by the court, either in giving or refusing instructions, and that the case was fairly submitted to the jury, who are the sole judges of the credibility of the witnesses and the weight of the testimony, the verdict must stand.

The judgment is, therefore, affirmed.

ANDERS, HOYT, SCOTT and STILES, JJ., concur.