[No. 1973.   Decided February 4, 1896.]

JOHN McQUILLAN, *Respondent*, v. THE CITY OF SEATTLE, *Appellant.*

NEGLIGENCE OF MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — INSTRUCTIONS — REQUEST.

In an action to recover for injuries sustained from a fall through a defective sidewalk it is not error for the court to charge "that when the sidewalk of a city is out of repair and remains so for such a length of time that the public authorities of a city, in the exercise of reasonable care and prudence ought to have discovered the fact, then actual notice to such authorities of the condition of the walk will not be necessary to hold the city liable for injuries sustained by a person in consequence of the dangerous condition of the street or walk, if he is himself using reasonable care to avoid such injury."

The giving of incomplete and ambiguous instructions is not error unless the court has been requested to make its instructions more full and complete and has refused.

When a charge to the jury, taken as a whole, fairly states the law, it is sufficient.

Appeal from Superior Court, King County. — Hon. RICHARD OSBORN, Judge. Affirmed.

*W. T. Scott,* for appellant.

*Byers & Byers,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought to recover for injuries sustained from a fall through a defective sidewalk, and the case comes to this court for the second time. On the first appeal this court reversed the order of the lower court sustaining a non-suit. *McQuillan v. Seattle*, 10 Wash. 464 (38 Pac. 1119). Upon the trial which followed, the respondent recovered a verdict for $1,000, and, its motion for a new trial having been overruled and judgment entered upon the verdict, the city has appealed.

The errors assigned are: (1) Failure to grant a non-suit; (2) that the evidence is insufficient to entitle respondent to a recovery because of contributory negligence shown; and (3) certain instructions of the court to the jury and a failure to give others as requested by appellant.

We have examined the record and think that there is no substantial difference between the case of respondent as made on the last trial and that heretofore reviewed by us, therefore the law as declared by this court upon the former appeal (*McQuillan v. Seattle*, 10 Wash. 464), fully covers all of the assignments of error in the present case, excepting only as to the alleged errors arising out of the court's charge. The first instruction complained of is as follows:

"The court instructs the jury that when the sidewalk of a city is out of repair and remains so for such a length of time that the public authorities of a city, in the exercise of reasonable care and prudence ought to have discovered the fact, then actual notice to such authorities of the condition of the walk will not be necessary to hold the city liable for injuries sustained by a person in consequence of the dangerous condition of the street or walk, if he is himself using reasonable care to avoid such injury."

It is objected that this instruction is inconsistent and misleading. On the contrary, we think that it fairly states the law.

The court also, in the course of his charge, gave the following instruction:

" The burden of proof is on the plaintiff to establish the negligence of the defendant and. the extent to which he was injured, and the burden of proof is on the defendant to prove that the plaintiff was guilty of contributory negligence."

To this instruction the court added the following explanation:

" I desire to explain that instruction to this extent. It is true that the burden of proof is upon the plaintiff to establish all the material allegations of his complaint and that the burden of proof is upon the defendant to establish contributory negligence. The testimony must not necessarily be limited to any particular side; in other words it means this, that plaintiff in order to recover, it must be shown from all the evidence in this case, a preponderance of the evidence, that the allegations of his complaint as to the negligence of the city, and the nature and extent of his injury is true; and also, as to the contributory negligence. Of course before a verdict for the defendant can be given, there must appear and must be shown and proven, that the plaintiff was guilty of contributory negligence. The duty of proving contributory negligence is on the defendant, as this instruction charges you, but in determining whether there was or was not contributory negligence, you have a right look at all the testimony regardless of which side it may come from, either from the plaintiff, or from the defendant."

Appellant's counsel insist that the explanation of the court had a tendency to confuse the jury and that it was ambiguous and misleading. We are unable to see that the jury could have been misled by anything

therein stated, and this court, in *Box v. Kelso*, 5 Wash. 360 (31 Pac. 973), has said that:

"The giving of incomplete and ambiguous instructions is not error unless the court has been requested to make his instructions more full and complete and has refused."

No such request was made of the lower court by appellant in this case.

The court did not err in modifying appellant's request for instructions numbered 1 and 2, nor in giving said instructions as so modified.

The charge as a whole fairly stated the law of the case and this is sufficient. *Seattle Gas, etc., Co. v. Seattle*, 6 Wash. 101 (32 Pac. 1058); *Duggan v. Pacific Boom Co.*, 6 Wash. 593 (34 Pac. 157).

The judgment is affirmed.

ANDERS, DUNBAR and SCOTT, JJ., concur.