STEVENSON *v.* DETROIT & MACKINAC RAILWAY CO.

| 118 | 651 |
|-----|-----|
| 120 | 368 |
| 118 | 651 |
| 136 | 3703 |
| 118 | 651 |
| 144 | 1 14 |
| 118 | 651 |
| 145 | 1351 |

1. NEW TRIAL—REFUSAL—BILL OF EXCEPTIONS.

Under Act No. 134, Pub. Acts 1893, providing that there may be incorporated in the bill of exceptions a record of the proceedings on motion for a new trial, including the reasons for the refusal thereof, and that exceptions may be taken and error assigned thereon, the action of the trial court in refusing a new trial cannot be reviewed on appeal, if the bill of exceptions does not contain the order of refusal, the reasons therefor, and exceptions to the decision.

2. VERDICT—COERCION OF JURY.

A verdict is not obtained through coercion or restraint because rendered as directed by the court, who charged the jury on Saturday afternoon that he was going home on the next train, and would adjourn court until Monday morning, and that, if they agreed upon a verdict, they should write it, and seal it in an envelope, and hand it to the sheriff, to be delivered to the judge when the court convened on Monday, and should then go to their homes, and return to their places in the court-room on Monday morning.

3. SAME—COMPROMISE—EVIDENCE—APPEAL—REVIEW.

An objection that the evidence shows the verdict to have been a compromise verdict cannot be considered on appeal where the record does not purport to contain all the evidence.

4. SAME—IMPEACHMENT—STATEMENTS OF JURORS.

An affidavit stating that the affiant was informed by several of the jurors that the jury at first stood three in favor of a verdict for the plaintiff and nine for the defendant, but that they were induced to agree upon a verdict for the plaintiff from the fact that, if they failed to do so, they would be compelled to stay over night in the jury-room, cannot be used to impeach their verdict.

Error to Iosco; Simpson, J. Submitted October 19, 1898. Decided December 6, 1898.

Case by Hattie Stevenson against the Detroit & Mackinac Railway Company to recover the value of a horse

killed on defendant's track.    From a judgment for plaintiff, defendant brings error.    Affirmed.

*Albert E. Sharpe*, for appellant.

*Charles A. Jahraus*, for appellee.

LONG, J.    Defendant's road runs through the plaintiff's farm.    On May 7, 1896, plaintiff's horse was struck by defendant's train, and killed.    Defendant contended on the trial that the horse was struck on the highway. Plaintiff contended that it was struck and killed on defendant's right of way, inside the cattle-guards.    Defendant's right of way was not fenced; and the only question was whether the horse was in the highway, or not.    Plaintiff recovered a judgment for the value of the horse at $75, and defendant brings error.

A record containing 28 pages is presented, which apparently contains a large part of the testimony, and also the charge of the court.    It does not show any objections made, nor any exceptions taken, on the trial.    Following the 28 pages is found a motion for a new trial and certain affidavits in support of the motion, as well as the assignments of error.    The reasons given for asking a new trial are:

1. That the verdict was not in accordance with the evidence.

2. That the jury were induced to render a verdict for the plaintiff by improper motives, and by matters other than the consideration of the law and the evidence in the case.

3. That new and important evidence has been discovered.

All the assignments of error, except those relating to the charge, are based upon the order of the court denying the motion for a new trial; yet the record does not contain any such order.    The record is entirely silent as to the order made by the court in the premises, or the reasons why the court denied the motion.    There is nothing in

this record for this court to review upon the motion for a new trial. Under Act No. 134, Pub. Acts 1893, providing that there may be incorporated in the bill of exceptions a record of the proceedings on motion for a new trial, including the reasons for the refusal thereof, and that exceptions may be taken and error assigned thereon, the action of the court cannot be reviewed in the absence from the bill of the reasons therefor and exceptions to the decision. *McRae* v. *Garth Lumber Co.*, 102 Mich. 488.

The assignments of error upon the charge may be considered. It appears that the court charged the jury at 2:30 o'clock on Saturday afternoon. Among other things, he said to the jury:

"Now, gentlemen of the jury, I am going home on this train; and if I go home on this train, and your verdict is not rendered, I shall adjourn this court until next Monday morning, at 9 o'clock; and I am going to give you this envelope and this piece of paper, and, if this court adjourns before your verdict is rendered, you will all write your verdict,—you will write your verdict on this paper, whatever you find, and all sign it, fold it up, and put it into this envelope, and seal it tight, if you agree, and hand it to the sheriff, to be delivered to me when court convenes on Monday; and you will return here Monday, and take your places in the court-room, and I will open your verdict, and receive it. You understand; I don't want any mistake about this. I say, if the court is adjourned before you agree, you will write your verdict,—just what you find,—all sign it right underneath the verdict, fold it up, and put it in here, and seal it, and hand it to the sheriff, and go to your homes, and return here Monday morning, at 9 o'clock, and I will."

It is claimed that the verdict was obtained through coercion and restraint of the jury. We cannot agree with this contention. The jury sealed their verdict, and returned it into court on Monday morning, as directed by the court.

But counsel says that the verdict was a compromise, as there was no testimony in the case that the horse was worth less than $100. This we are unable to ascertain,

as the record does not purport to contain all the evidence.

Counsel also contends that this is shown by the affidavit used in the motion for a new trial. All this affidavit shows is that the affiant was informed by several of the jurors in the case that the jury at first stood three in favor of a verdict for the plaintiff and nine for the defendant, but that said jurors were induced to agree from the fact that, if they failed to so agree, they would be compelled to stay over night in the jury-room. If the affidavits of the jurors had been presented, they could not be used to impeach their verdict; and yet counsel contends that an affidavit made by one to whom the jurors communicated the facts may be used for that purpose. The facts set up in the affidavit are purely hearsay, and the affidavit cannot be used for the purpose presented.

The judgment must be affirmed.

The other Justices concurred.