[No. 4291.  Decided September 17, 1902.]

DORA ROBERTS *et al., Respondents,* v. PORT BLAKELY MILL COMPANY, *Appellant.*

NEGLIGENCE — DEFECTIVE RAILWAY CARS — ACTION FOR INJURIES — NONSUIT.

In an action for the death of a conductor of a logging train, caused by the derailing of the train, refusal of a nonsuit was

proper, where the evidence showed that the train was loaded as usual, was traveling at the usual rate of speed, and that the track was not out of order; that the flanges on some of the car wheels were too thin to be safe, had flaws in them, and that they broke at the time of the accident; that such condition of the flanges make a car unsafe and dangerous, especially when striking a curve; that a reasonable and ordinary inspection would have discovered the defect, and that the derailing of the cars occurred while the train was rounding a curve.

SAME — EVIDENCE — ADMISSIBILITY OF BROKEN CAR WHEELS.

Where it was claimed that the derailing of a train was caused by the breaking of wheel flanges on some of the cars it was not error to permit the introduction in evidence of a broken flange picked up by a witness several months afterwards at the place of the accident, when he had testified to being on the train at the time of the accident and to having gathered up a number of broken pieces of flanges and placed them in a heap, and that the piece offered in evidence was picked up in that vicinity and resembled some of them, though he could not identify it.

SAME — RES GESTAE — DECLARATIONS OF VICE PRINCIPAL.

The declarations of a general superintendent of a railway made on the scene of a train wreck within three hours after it occurred, and tending to explain or account for the same, are admissible in evidence as part of the *res gestae*.

INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

Although an isolated portion of an instruction standing alone may be technically erroneous, yet it will be upheld, if the whole instruction, taken together, fairly states the law.

SAME — REFUSAL OF REQUESTED INSTRUCTIONS.

The refusal of the court to give a general definition of negligence as requested by defendant is not error, where the court has correctly instructed the jury upon the specific negligence under consideration.

SAME.

Where the court by its instructions has thoroughly impressed upon the jury that the burden was upon plaintiffs to establish negligence and that the jury must find by a preponderance of the evidence that it was the defendant's negligence which caused the injury, it was not error to refuse a requested instruction to the effect that negligence is never presumed, and that it was not the duty of defendant to explain how the accident occurred, or to show that defendant was not negligent.

SAME.

The refusal of the court to give a requested instruction concerning circumstantial evidence was not error, where there was some circumstantial evidence introduced, but the case did not rest upon that character of proof.

SAME.

The refusal of requested instructions is not error, when those given cover the same ground.

Appeal from Superior Court, Mason County.—Hon. MASON IRWIN, Judge. Affirmed.

*S. P. Richardson* and *Preston, Carr & Gilman,* for appellant.

*Troy & Falknor,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—The respondent Dora Roberts is the widow, and Lillie Roberts and Hiram Roberts are the minor children, of Warren Roberts, deceased. In his lifetime Warren Roberts was in the employ of the appellant as a conductor on a logging railroad operated by it in Mason county, in this state. This road was a standard gauge railroad, equipped with standard locomotive and with logging trucks, and was operated for the purpose of transporting saw logs from the forest where they were cut to tidewater. The road consisted of three sections,—the first section extending from the forest where the logs were cut to a station called "Matlock"; the second, from Matlock to a station called "26", and the third from 26 to a station called "New Kamilchie", at tidewater. On the 15th day of October, 1900, the said Roberts had charge of a train which was running from 26 to New Kamilchie. This train consisted of a locomotive and seventeen cars of logging trucks, loaded with saw logs. The train, which was running at the usual rate of speed, in rounding a

curve was derailed, and Roberts was thrown from his position on the train to the ground and instantly killed. This suit was brought by his widow and minor children to recover damages for the loss of the husband and father; it being claimed that the train was derailed through the negligence of the defendant in failing to provide safe and suitable cars in this: That the flanges upon the wheels of the cars had become worn, and contained flaws which could have been discovered by reasonable inspection, and that one or more of these flanges broke, causing the train to leave the track, thereby causing the death of Warren Roberts. The cause was tried before the lower court and a jury. A verdict was rendered in favor of the plaintiffs for the sum of $4,000. From a judgment on the verdict, defendant appeals.

Errors of the trial court are alleged substantially as follows: · (1) In denying defendant's motion for a nonsuit at the close of plaintiffs' evidence; (2) in denying defendant's motion for a new trial; (3) in admitting in evidence a broken piece of flange picked up at the place of the accident several months thereafter; (4) in admitting in evidence the statement of George Tew, defendant's superintendent, made three or four hours after the accident; (5) in instructions given to the jury; and (6) in refusing to give to the jury certain instructions requested by defendant.

1.    We think the motion for a non-suit was properly denied. The plaintiffs' evidence showed that the train was loaded as usual, and was traveling at the usual rate of speed, and that the track was not out of order. It also shows that flanges on some of the car wheels were too thin to be safe, and had flaws in them, and that they broke at the time of the accident, and left marks and indentations on the rails where the cars left the track; that such condi-

tion of the flanges makes a car unsafe and dangerous, especially when rounding a curve; that a reasonable and ordinary inspection would have discovered the defect; and that the wreck occurred while rounding a curve. Here was sufficient cause for the accident. Conditions existed which rendered the operation of the train dangerous. The train was being properly operated. When the defective wheels struck the curve, they gave way and left the rail. It was the natural result. No other cause of the accident was shown or intimated by plaintiffs' evidence, nor in the subsequent evidence of appellant. This court said, in *Walker v. McNeill,* 17 Wash. 582 (50 Pac. 518):

"Whenever a car or train leaves the track it proves that either the track or machinery or some portion thereof is not in proper condition, or that the machinery is not properly operated."

The evidence here showed that the track was in order; that the train was properly operated; that the machinery was defective, and was liable to, and did leave the track upon a curve; and that a reasonable inspection would have discovered the defect. There was but one cause shown for the accident, and for that cause the defendant is liable.

It is argued by appellant that the entire case is one of surmises and conjectures, that the accident may have been caused by a rock or obstruction on the track or the letting off the brakes before the accident, or that there was some latent defect which no inspection could have discovered, or that a sound and sufficient wheel broke or left the rail; and the rule is invoked that "where the evidence establishes to a certainty that the accident resulted from one of two or more causes, for one or more of which the defendant would be responsible, and for one or more of which he would not be responsible, a verdict for the plaintiffs cannot be sustained." The trouble with this position

is, that the evidence does not show, nor is there any at-
tempt to show, any other cause than the one above named.
We think the rule laid down by the court in *Walker v.
McNeill, supra,* is conclusive in this case.  In *Walker v.
McNeill* the ties of the roadbed were rotten, and when the
derailed wheels struck them they broke in two.   They
were so decayed that they would not hold spikes, and the
rails spread.   In the case at bar the flanges of the car
wheels were worn and dangerous.   They contained flaws,
and, when rounding a curve, were liable to, and did, leave
the track.   There is no distinction in principle between
the two cases.   The same argument used in this case for a
reversal would have been applicable in that case.   It does
not apply to either for the same reason, viz., that there
was but *one cause shown for the accident,* and for that
cause defendant was liable.

2.   The argument in support of the error assigned in
denying the motion for a new trial is based upon the evi-
dence of defendant.   Defendant's witnesses testified in
substance that the car wheels used were of approved and
standard manufacture; that the cars were regularly and
frequently inspected, and no defects were found; that all
the flanges used were of sufficient strength; that the
wheels broken in the wreck were sound and free from
flaws; that the deceased conductor had full charge of the
road and appliances on his run; that it was a part of his
duty to look after the cars and keep them in order.   The
effect of this evidence was to negative the evidence of the
plaintiffs, and, if true, it shows contributory negligence
on the part of the deceased.   This made a question of fact
for the jury.   After a careful reading of all the evidence,
we think there was sufficient contradictory evidence on all
the points named to go to the jury, and it was for the jury
to weigh the same and determine the truth.

3. The court permitted plaintiffs to introduce in evidence a piece of broken flange picked up at the place of the wreck some six months after it occurred. One of the witnesses, who was a brakeman on the train at the time of the wreck, testified substantially that when the wreck occurred he was on the rear end of the train; that he jumped off, and in a few minutes thereafter went forward to the place where the wrecked cars were piled up; that he saw and examined several pieces of broken flange; that these broken pieces had flaws in them and were thin; that he saw the wheels with the flanges broken off; that he piled up the pieces; that about six months afterwards he went back to the place of the wreck with one of the plaintiffs' attorneys, and near where the wreck occurred picked up the piece offered in evidence. He was not able to identify this particular piece as one which he had seen there at the time of the wreck, but said: "It was very similar to that in size and heft." . . . There were some longer, and some shorter, and some broken in different ways. . . . Q. "Were there some that appeared to be like this?" A. "Yes, sir." We think, under this evidence, that the piece of flange was entitled to go to the jury, as the court in admitting it said, "for what it was worth;" that is, the jury had a right to determine whether it was or was not a piece of the flange which was broken from a car wheel at the time of the wreck. *State v. Cushing,* 17 Wash. 544, 558 (50 Pac. 512); *King v. New York Central, etc., R. R. Co.,* 72 N. Y. 607. Furthermore, we think the piece exhibited was competent as illustrative of the pieces which he had examined at the time of the accident upon the principle that a drawing or model or photograph is admissible to explain oral evidence, in order that the jury may under-

stand and apply the oral evidence in connection therewith.

4.    Two of plaintiffs' witnesses were permitted over defendant's objection to testify to certain statements made by George Tew, who was general superintendent and had the direction and management of the railroad. Mr. Tew arrived at the scene of the wreck about three hours after it occurred. Soon after his arrival he was examining the same. One of the witnesses testified: "I heard him say —he was looking at the flanges, and he said, if the company use any more Tacoma wheels, he would not work any longer for them." 'Another testified that Mr. Tew at the same time and place said: "This puts me in a devil of a fix, and I can't be putting new wheels under the cars all the time." We think these declarations were admissible, under the rule stated by Mr. Jones on the Law of Evidence, § 360, a part of which is as follows:

"On the same principle reports to the general manager of a railway company concerning the circumstances and results of an accident, and also as to who was to blame therefor, made by the superintendent and conductor several days after the event, are incompetent. But, as we have already pointed out, there is a class of cases in which the rule that the declaration must be contemporaneous with the act is construed less strictly; and in which such declarations are admitted, although *not technically contemporaneous,* if they are spontaneous and tend to explain the transaction, and if so slight an interval of time has elapsed as to render premeditation improbable. Accordingly in numerous cases the declarations of employees and agents, made soon after an accident, have been received as part of the *res gestae.*" Mechem, Agency, § 715; McKelvey, Evidence, p. 280; 1 Taylor, Evidence, p. 519; *Keyser v. Chicago & G. T. Ry. Co.,* 66 Mich. 390 (33 N. W. 867); *Hooker v. Chicago, etc., Ry. Co.* 76 Wis. 542 (44 N. W. 1085); *O'Connor v. Chicago, M. & St. P. Ry.*

*Co.*, 27 Minn. 166 (6 N. W. 481, 38 Am. Rep. 288);
*Ohio & M. Ry. Co. v. Stein*, 133 Ind. 254, 255 (31 N. E.
180, 19 L. R. A. 733); *New York & C. M. S. & Co. v.
Rogers*, 11 Colo. 6 (16 Pac. 719, 7 Am. St. Rep. 198);
*People v. Vernon*, 35 Cal. 49 (95 Am. Dec. 49); *Hall v.
Union Central Life Ins. Co.*, 23 Wash. 610 (63 Pac. 505,
51 L. R. A. 288).

The declarations of Mr. Tew were not the narration of
a past event, but were the natural declarations growing
out of the event, and were so nearly contemporaneous with
the accident as to be held to be in the presence of it, and
were made under such circumstances as necessarily to ex-
clude the idea of design or deliberation. They were made
by one having the control and management of the road.
Under these circumstances we think the declarations were
admissible.

5. The court instructed the jury as follows:

"The burden is upon the plaintiffs to establish that the
death of the deceased was caused by the negligence of the
defendant, and if you find that his death was not due to
the negligence of the defendant, then you need consider
nothing further, as your verdict in that case must be for
the defendant. The negligence of the defendant com-
pany must be established by a preponderance of the evi-
dence; and by a preponderance of the evidence is not
meant the greatest number of witnesses, but it means the
evidence which is most convincing to your minds."

It is argued that the sentence, "and, if you find that his
death was not due to the negligence of the defendant, then
you need consider nothing further, as your verdict in that
case must be for the defendant," was contradictory of the
rest of the instruction, and shifted the burden of proof to
the defendant. But the whole instruction must be con-
strued together. So construed, it was not error. It is
true that this sentence is not technically correct; but this
error is not of moment, especially when the intent of the

3-30 WASH.

whole is clearly expressed that the burden is upon the plaintiffs to prove negligence. This court has frequently held that where an isolated portion of an instruction, standing alone may be technically erroneous, yet if the whole instruction, taken together, fairly states the law, it will be upheld. *Seattle Gas, etc., Co. v. Seattle,* 6 Wash. 101 (32 Pac. 1058); *Duggan v. Pacific Boom Co.,* 6 Wash. 593 (34 Pac. 157, 36 Am. St. Rep. 182); *McQuillan v. Seattle,* 13 Wash. 600 (43 Pac. 893); *State v. Surry,* 23 Wash. 655 (63 Pac. 557); *Henry v. Grant Street Electric Ry. Co.,* 24 Wash. 246 (64 Pac. 137); *Miller v. Dumon,* 24 Wash. 648 (64 Pac. 804).

6. It is alleged as error that the court refused to give instruction numbered 2 as requested by defendant. This instruction defined negligence in general terms, as "that said defendant did something or omitted to do something which an ordinarily prudent person under such circumstances would not have done or omitted to do"; but the court specifically instructed the jury as to the duty of the company to provide reasonably safe cars and wheels, and to make reasonable inspection thereof, and also that if the jury found, by a preponderance of the evidence, that the death of the deceased was caused by any defects in the cars or wheels, and that such defects could have been discovered by reasonable inspection, it was liable. We think this was sufficient, and that it was not necessary to give a general definition of negligence, where the jury are correctly instructed upon the specific negligence under consideration.

It is also alleged as error that the court refused to give instruction No. 14 requested by defendant. This instruction is to the effect that negligence is never presumed, but must always be proven, and that it was not the duty of the defendant to explain how the accident occurred, or to

show that it was not negligent. In the instructions given the court repeatedly told the jury that the burden was upon the plaintiffs to establish negligence, and, while the court did not specifically state that it was not the duty of the defendant to explain how the accident occurred, yet we think, in view of the instructions impressing it upon the minds of the jury that they must find by a preponderance of the evidence that the defendant was negligent and that this negligence caused the injury, it was not error to omit the requested instruction.

It is complained that the court refused to give an instruction requested concerning circumstantial evidence. While there was some circumstantial evidence in the case, the case, as we have seen, did not rest upon this evidence, and for that reason it was not error to refuse it.

The errors assigned as ten, eleven and twelve have reference to instructions to the effect that, if the jury find that the accident occurred by reason of a defective car wheel, still the jury must find that the defect was one which was known, or ought to have been known, to the defendant, and that if the defect was latent, or if the wheel was of standard manufacture and of a kind proven safe, even though it contained a flaw which could not have been discovered by proper carefulness, then the defendant would not be liable. Upon these questions the court told the jury:

"If, therefore, you find from a preponderance of the evidence that the accident which caused the death of the deceased was due to any defect in any wheel or wheels of defendant's cars by the flanges being worn down too thin, or to any flaw or break in the flanges, and that such defect, if any, existed, could have been discovered by reasonably careful inspection of the wheels, and that defendant failed to make such inspection, then your verdict should be for the plaintiffs."

"The company is not required to guard against defects which cannot be discovered by reasonable care, but they are required to discover defects which can be disclosed by reasonably careful inspection."

"The master is bound to use appliances which are not defective in construction; but as between him and his employees he is not bound to use such as are the best or most approved description, if they are such as are in general use, that is all that is required. The employer is bound to furnish machinery and appliances that are of ordinary character and of reasonable safety. Whatever is according to the general, usual, and ordinary course adopted by those in the same business is reasonably safe within the meaning of the law."

We think these instructions as given covered the instructions requested, and were as favorable to the defendant as it was entitled to. Upon the whole, we think the instructions given fairly stated the law of the case, and that there was no substantial error in the trial.

The judgment will, therefore, be affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, HADLEY, WHITE and ANDERS, JJ., concur.