### SNYDAM et al. v. VOGEL.

(Supreme Court, Appellate Term. November 18, 1903.)

**1. BROKERS—COMMISSIONS—SERVICES.**

　　Where, though defendant employed plaintiff to find a tenant for the first loft of his building, defendant availed himself of plaintiff's services in finding a tenant for the upper loft, and plaintiff consented, at defendant's request, to permit defendant to negotiate personally with the

tenant, on his promise to protect plaintiff's interest as a broker, plaintiff was entitled to compensation for his services in finding a tenant for such loft.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Harry L. Snydam and others against Martin H. Vogel. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Martin H. Vogel, in pro. per.

Corbin & O'Ryan, for respondents.

BLANCHARD, J. This action is brought to recover for services rendered by the plaintiffs, as real estate brokers, to the defendant, in securing for him a tenant for a loft in Nos. 178 and 180 Grand street. The evidence clearly establishes the fact that it was due to the plaintiffs' efforts that the upper loft was rented to the te..nt, Loeb, although the scope of the plaintiffs' original employment contemplated the renting of the first loft. It was through the agency of the plaintiffs that Loeb and the defendant met and concluded the negotiations which resulted in the renting to Loeb of the upper loft. The plaintiff testified that, at the defendant's request, and upon his promise to protect his interests as broker, he consented to allow the defendant to negotiate directly and personally with Loeb. The defendant gave testimony which in some measure tended to controvert this testimony of the plaintiff, but the trial court has passed upon the facts of the case, and, as the defendant has had the benefit of the plaintiffs' services, there is no good reason why he should not pay for them.

The judgment appealed from should be affirmed, with costs. All concur.