[No. 9001.    Department One.    February 4, 1911.]

ELIZABETH F. EDWARDS et al., *Respondents*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL—REVIEW—VERDICT. A verdict supported by substantial evidence will not be disturbed on appeal because of conflict in the testimony.

PLEADING — COMPLAINT — SUPPLEMENTAL COMPLAINT.  Notwithstanding Rem. & Bal. Code, § 308, allowing supplemental pleadings to show facts that occurred "after the former pleadings were filed," it is not error to permit a supplemental complaint to show facts that arose subsequent to the commencement of the action but prior to the filing of an amended complaint, and within the pleader's knowledge at the latter date, in view of the common law rule and the liberal rules of pleading enjoined by the code.

CONTINUANCE—PLEADING—SUPPLEMENTAL COMPLAINT. In the absence of special showing of prejudice, it is not error to deny a continuance to the defendant upon allowing plaintiff to file a supplemental complaint, where a reasonable time appears to have elapsed before the date of the trial.

APPEAL—HARMLESS ERROR—TRIAL—INSTRUCTIONS. The giving of an instruction that is too broad is not error where other instructions embodying the limitations thereon were properly given.

SAME. It is not error to refuse a requested instruction covered in the general charge.

TRIAL—MISCONDUCT OF JUDGE. It is within the province of the trial judge to make plain to the jury by suggestions to counsel matters that were left obscure, without being open to a charge of manifest partiality.

[1]Reported in 113 Pac. 563.

SAME. A tender by the judge of a pillow and blanket to attendants of an injured party is not an undue manifestation of sympathy in the presence of the jury.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $8,500 for injuries to a passenger alighting from a street car, who six months thereafter was merely suffering from curable neurasthenia, is excessive and should be reduced to $5,500.

Appeal from a judgment of the superior court for King county, Gay, J., entered April 11, 1910, upon the verdict of a jury rendered in favor of the plaintiffs for $8,500 for personal injuries sustained by a passenger alighting from a street car. Reversed, unless $3,000 is remitted.

*Morris B. Sachs*, for appellant.

*Elias A. Wright*, for respondents.

FULLERTON, J.—The respondent, Elizabeth F. Edwards, with her two young daughters, took passage in one of appellant's cars to ride from a place near Rainier Beach, in King county, to Atlantic street, in the city of Seattle. As the car reached Atlantic street it stopped at the usual stopping place to permit passengers desiring to get off at that street to do so. The respondent thereupon, with her daughters, left her seat to get off the car. As she reached the place of exit, the conductor stepped off ahead of her and lifted her daughters to the ground, but as the respondent herself reached the steps, the motorman, mistaking the go-ahead signal of a passing car for a like signal on his own car, started the car forward. The conductor immediately stepped back onto the car and reached for the bell rope for the purpose of giving the stop signal, saying to the respondent to remain where she was until the car was again stopped. The respondent fell from the car and received the injuries for which this action is prosecuted.

At the trial there was but one seriously disputed question of fact, namely, whether Mrs. Edwards was thrown from the car by its sudden starting while she was in the act of alight-

ing therefrom, or whether she attempted to get off of the car of her own volition while it was in motion and fell while making the attempt. Since, however, the jury found for the respondents, they must necessarily have resolved this question in their favor, and since, furthermore, each view is supported by substantial evidence, we must accept the respondents' version as being the true one.

The respondents filed their original complaint on October 4, 1909. To this complaint a motion was interposed and sustained, and leave given to file an amended complaint, which was done on November 2, 1909. On February 23, 1910, the respondents obtained leave of court to file a supplemental complaint, setting up the fact that the injured respondent was pregnant at the time she received the injuries set forth in her original and amended complaints, and had, on or about the 1st day of November, 1909, suffered a miscarriage as the result of such injuries, causing her much pain and suffering, for which they ask additional damages. The appellant objected to the filing of the supplemental complaint, and after its objection had been overruled, moved the court to vacate the order setting the case down for trial, which had theretofore been entered, which motion the court likewise overruled.

It is contended that the court erred in allowing the supplemental complaint to be filed, for the reason that it appeared therefrom that the miscarriage had occurred prior to the time the amended complaint was filed and must necessarily have been known to the parties at that time. The statute provides that the court may on motion, "allow supplemental pleadings to be filed showing facts which occurred after the former pleadings were filed" (Rem. & Bal. Code, § 308), and it is thought that it precludes the filing of a supplemental complaint setting up matters which occurred subsequent to the filing of the original complaint, and prior to the filing of any amended complaint. But the rights of parties to an action at common law were determined by the facts existing at the time of its commencement, and such would be the rule

now but for the statute which permits facts occurring since that time and which affect the rights of the parties to be considered for that purpose. Following the logic of the situation, therefore, it is certainly proper practice to require all facts arising subsequent to the commencement of the action to be brought in by supplemental pleadings, while requiring matters existing at the time of the commencement of the action, but which have been inadvertently omitted from the pleadings, to be brought in by way of amendment. In this state, however, under the liberal rules of pleading enjoined by the code, it can make but little difference which method is pursued. The purpose of pleadings is to inform the adversary of the plaintiff's cause of action or the defendant's ground of defense, and when this is done the object for which the pleadings exist is accomplished, whether they are in form original or supplemental. In this case we find no error in the ruling of the trial court.

The complaint that the court erred in refusing to vacate the order setting the case for trial is equally without foundation. The time between the filing of the supplemental pleading and the date fixed for the trial was sufficiently long to enable the appellant to prepare to meet the new matter set forth therein; at least, on its face it appeared to be a reasonable time for that purpose, and this is sufficient in the absence of a special showing that prejudice therefrom actually accrued.

Errors of the court are predicated upon the giving of a certain instruction, and the refusal to give certain others requested by the appellant. It would not be profitable to set these forth at length. It is objected to the instruction given that it was too broad in its scope in that it did not embody therein the limitations upon the general doctrine stated. But these were elsewhere made clear to the jury, and this satisfies the rule. So with the requested instructions. They were given in substance in the instructions framed by the court. As we have repeatedly said, it is not necessary that

the court give requested instructions in the language in which they are presented, even though the language be unexceptionable; it is sufficient if the substance of the requests be given in the language of the court.

The appellant complains of the conduct of the trial judge. It is claimed that the judge did not at all times manifest that impartiality that becomes an officer charged with the administration of justice, but that he, by manifestations of temper, interruptions when the appellant's counsel was examining witnesses, suggestions to respondents' counsel, and unbecoming manifestations of sympathy for the injured respondent, so biased the jury in favor of the respondent and prejudiced them against the appellant as to deprive the appellant of a fair trial. But we are satisfied, after a careful examination of the record, that the complaint is unfounded. It was the evident desire of the judge to make plain to the jury matters that he felt counsel were leaving obscure, and it was to that end that his questions were directed. This manifestly is within the province of the trial judge. As to the complaint of undue sympathy, it appears that, at the opening of the trial, the judge tendered a pillow and blanket to the attendants of the injured respondent for her use while on the witness stand, but surely there was nothing in this that warrants a reversal of the case. It can hardly be believed that the jury could be prejudiced by a matter so insignificant.

A recovery of $8,500 was allowed, and appellant complains that this is excessive. The injured respondent at the time of the trial was suffering from neurasthenia, and this was the only objective symptom remaining from the injury that the medical experts were able to discover. This trouble, they also testified, was curable, and that the injured respondent would ultimately recover entirely from the effects of the accident. In view of this fact and the further fact that only six months had elapsed between the injury and the trial, we feel that the verdict is so far disproportionate to the injury suffered as to require submitting the question to another

jury if the respondents will not accept a reduced judgment. A recovery of $5,500 would, in our opinion, amply compensate the respondent for her injuries.

The judgment entered will be reversed, and the cause remanded to the lower court to enter a judgment for the respondent in the sum of $5,500, if they will consent in writing,. within thirty days after the remittitur reaches that court,. to accept a judgment for that amount, otherwise a new trial will be granted.

RUDKIN, GOSE, MOUNT, and PARKER, JJ., concur.