[No. 9814. Department Two. November 25, 1911.]

Luigi Cheichi, *Respondent*, v. Northern Pacific Railway Company, *Appellant*.[1]

Appeal—Review—Harmless Error—Ground for New Trial—Instructions Cured. In an action for personal injuries sustained through alleged defects in a work car which jumped the track, it is not such error as to warrant the granting of a new trial to instruct the jury that the plaintiff could not recover if the jumping of the track was the result of a dangerous rate of speed combined with an unsafe condition of the car, without distinguishing between a dangerous rate of speed for a car in good condition and one in bad condition, where in numerous other instructions the jury were told that the plaintiff could not recover even if the car was in an unsafe condition, unless the jumping of the track was the result of such unsafe condition.

Master and Servant — Negligence — Operation of Trains — Instructions. While a trainman operating a defective car at excessive speed so that it jumped the track cannot recover if the jumping of the track was the result of such unsafe condition combined with the dangerous rate of speed, yet an instruction that, if the jumping of the track was the result of a dangerous rate of speed, the plaintiff could not recover, would naturally be understood by the jury as having reference to the particular car, and it would be unnecessary to draw a distinction between the rate of speed for a car in good condition and one that was in an unsafe condition.

Appeal from an order of the superior court for King county, Ronald, J., entered June 16, 1911, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by a section hand through the derailment of a car. Reversed.

*C. H. Winders*, for appellant.

*Frank E. Green*, for respondent.

Dunbar, C. J.—This action was brought to recover damages on account of personal injuries sustained by the respondent while in the employ of appellant as a track and sec-

[1]Reported in 118 Pac. 916.

tion hand.   It is alleged in the complaint that, on the day of the accident, the plaintiff was ordered to go aboard and ride upon one of the defendant's cars; that while on such car, in obedience to the direction of the appellant, the car jumped and leaped from the rails, causing the injury complained of.  This car in question had been a track car, and had been reconstructed into a push car.   The plaintiff and thirty-four of his fellow workmen had been ordered to get the car and move some rails, and while the car was in operation and under the control of the plaintiff and his fellow workmen, it jumped the track, and the accident happened.

The charge in the complaint is that the defendant wrongfully and carelessly failed and neglected to perform its duty, in that it had suffered said car to become greatly worn and out of repair in many particulars mentioned, and that it had carelessly employed and furnished incompetent, careless, and negligent operators to control said car.   But no attempt was made at the trial to establish the allegations in relation to incompetent and inexperienced operators, and it conclusively appeared that the operation of the car was under the control of the fellow workmen of the respondent.   The case was submitted to the jury, and verdict was rendered in favor of the defendant, the appellant here.   Upon motion for a new trial, the court came to the conclusion that it had erred in a certain instruction given to the jury, and for that reason, the motion for new trial was granted; and from the granting of such motion, this appeal is taken.

The particular instruction upon which the court granted the motion for a new trial was as follows:

"If you are unable to determine by a preponderance of the evidence whether the car was in an unsafe condition or not, or even if it was, whether that was the cause of the jumping the track—if the jumping of the track was the result of a dangerous rate of speed, combined with an unsafe condition of the car, and if it would not have jumped except for the speed, then plaintiff has not satisfied you by

a preponderance of the testimony of the facts necessary to entitle him to recovery."

The court, upon a re-examination of this instruction, concluded that it was misleading, for the reason that it did not distinguish in the instruction between what might be a dangerous rate of speed for a car in good condition and a dangerous rate of speed for a car not in good condition, if the jury should find that this car was not in good condition. We think the learned judge criticized his instruction too technically, and that the jury was in no way misled. The court in this instruction said no more to the jury than it had said in a preceding instruction; viz., in effect, that the injury must be the result solely of such defective car. It is true that, if the jumping of the track was the result of a dangerous rate of speed combined with an unsafe condition of the car, the plaintiff should not be allowed to recover; for, under the conceded facts of the case, the unsafe condition of the car would not have been the sole cause of the accident if it had been combined with a dangerous rate of speed. As to the distinction in rate of speed between a car in good condition and one which was not in good condition, the jury would naturally understand that the dangerous rate of speed spoken of by the court was with reference to the particular car under consideration, the condition of which was an issue in the case. In any event, the whole instruction on this question shows that the jury could not possibly have been misled. The court had previously told the jury:

"Unless you are satisfied by this preponderance of the testimony that this car was not reasonably safe, then you cannot find for the plaintiff; and even though you should be satisfied that the car was not in a reasonably safe condition for its use in the business for which it was being applied, that still would not be enough, for you must be further satisfied by a preponderance of the evidence that the jumping of the track was the result of this unsafe condition."

In another place it was said by the court:

"Unless plaintiff satisfied you that it was in an unsafe condition, and that that was the cause of its jumping the track, your verdict must be for the defendant."

In many places in the instruction the law was expressly stated to the jury, in language so terse and clear that their duty was plainly presented to them; and under such instructions, it is unreasonable to conclude that the instruction upon which the new trial was granted, conceding that it was cloudy and indefinite, would erase from the mind of the jury or in any way affect their understanding of the issues plainly presented by the whole instruction. It is the settled rule of this court that, although detached statements or expressions of the court in its charge to the jury may be technically erroneous, yet if the instructions as a whole fairly state the law, there is no prejudicial error. It was said by this court in the syllabus to *Seattle Gas & Elec. L. & M. Co. v. Seattle*, 6 Wash. 101, 32 Pac. 1058:

"Although detached expressions in the court's charge to a jury, if considered as independent expressions, may be technically erroneous, yet if the instructions as a whole, and considered together, fairly state the law, in nowise misleading the jury, there is no prejudicial error."

And in *Roberts v. Port Blakely Mill Co.*, 30 Wash. 25, 70 Pac. 111:

"The whole instruction must be construed together. So construed, it was not error. It is true that this sentence is not technically correct; . . . This court has frequently held that where an isolated portion of an instruction, standing alone, may be technically erroneous, yet if the whole instruction, taken together, fairly states the law, it will be upheld."

In *Wolf v. Hemrich Bros. Brewing Co.*, 28 Wash. 187, 68 Pac. 440, it was said:

"Prior to using this language, the court distinctly and clearly defined to the jury the issues involved, and further

on instructed them, not only that the respondents must sustain their case by a fair preponderance of the evidence, but that the jury were the sole and exclusive judges of the facts. Conceding, therefore, this particular part of the instruction, standing alone, to be of doubtful meaning, which is certainly all that can be successfully claimed, the jury could not, in the light of the whole instruction, have understood that the court meant thereby to tell them that it was established by a preponderance of the evidence that the harness was totally destroyed."

What is said in this case applies with especial directness to the case at bar. The same doctrine was announced in *Neal v. Phoenix Lumber Co.*, 64 Wash. 523, 117 Pac. 267, in *Dow v. Dempsey*, 21 Wash. 86, 57 Pac. 355, and in a long line of unbroken authority.

This case falling within the rule announced in those cases, the judgment will be reversed.

CROW, MORRIS, and ELLIS, JJ., concur.