[No. 16733.   Department One.   December 30, 1921.]

JANE H. JOHNSON *et al., Respondents,* v.
BURNS LYMAN SMITH, *Appellant.*[1]

APPEAL   (464)—HARMLESS   ERROR—INSTRUCTIONS — REFUSAL   OF
REQUEST.   The refusal of the court to give a requested instruction,
although it may be correct as an abstract principle of law, is not
prejudicial, where the subject-matter is included in general in-
structions, covering the different features of the law applicable to
all the facts.

SAME (460)—HARMLESS ERROR—INSTRUCTIONS. . An isolated por-
tion of an instruction in a negligence action telling the jury that
plaintiff is required to use that degree of care and prudence which
a "person of ordinary intelligence" would use, though technically
incorrect, is not prejudicial, where in another part of the same in-
struction the jury are expressly charged that the question for their
consideration is, "Did plaintiff exercise reasonable care and pru-
dence for her own safety under the facts and circumstances in the
case?"

TRIAL (105)—INSTRUCTIONS—REFUSAL OF REQUESTS.  In an action
for personal injuries received by plaintiff from opening the wrong
door and falling down a flight of steps, the refusal of a requested
instruction that "it was the plain duty of plaintiff to use her sense
of sight and look where she was stepping" was not error, where the
jury were charged as to the duty of plaintiff to exercise reasonable
care and prudence for her safety, and to determine whether the
proximate cause of the accident was due to her failure to exercise
such care and prudence.

NEW TRIAL (49-1)—MISCONDUCT OF JURY.  The affidavit of a third
person, based upon the unsworn statement of a juror to him after
the trial, respecting misconduct of a juror in the jury room, is not
sufficient to support a motion for a new trial.

SAME (39)—NEWLY DISCOVERED EVIDENCE—CREDIBILITY OF WIT-
NESS.  An affidavit of newly discovered evidence supporting a mo-
tion for new trial on that ground is insufficient where it discloses
matter going only to the credibility of plaintiff as a witness, rather
than to her right of recovery.

APPEAL (126)—PRESERVATION OF GROUNDS—OBJECTIONS—CONDUCT
OF COUNSEL.  Misconduct of counsel for the prevailing party cannot
be urged as ground for new trial where no objection or exception
was taken at the time.

[1]Reported in 203 Pac. 56.

Appeal from a judgment of the superior court for King county, Reynolds, J., entered April 26, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through falling down a stairway. Affirmed.

*Earl G. Rice* and *Chadwick, McMicken, Ramsey & Rupp*, for appellant.

*Vince H. Faben*, for respondents.

MITCHELL, J.—In this case, a personal injury action, the trial court entered a judgment for the defendant notwithstanding the verdict, from which the plaintiff appealed. The judgment was reversed on that appeal, with directions to the trial court to consider and act upon defendant's motion for a new trial. The former opinion is reported in 114 Wash. 311, 194 Pac. 997, wherein the facts in the case are stated with considerable detail. The motion for a new trial was denied by the trial court, and from a judgment upon the verdict, the defendant has appealed.

The first assignment of error is the refusal of the following requested instruction:

"If you find that the plaintiff fell down the stairway mentioned in the complaint in such manner as to constitute an accident or circumstance not to be reasonably anticipated as a natural or necessary incident to the use by the public of the sidewalk in front of said building or the entrance to said building—in other words, if you find that the plaintiff's fall was an unusual and extraordinary occurrence such as could scarcely be expected to happen other than through the fault or negligence of the person so falling, or of some third person or agency—I charge you that your verdict must be for the defendant because the owner of premises adjacent to a street is not required to anticipate or guard against such unusual and extraordinary occurrences."

It is argued that, as the theory of the respondents was that there was faulty construction of the building, while appellant's theory was to the contrary, the court should have given the requested instruction in support of appellant's theory. Among other things, the jury was instructed:

"You are instructed that defendant has a right to maintain a door and stairway to the basement of his building, provided he maintains same in a reasonably safe condition, so that any person, stranger thereto, who might open same while exercising due and proper caution for his or her own safety, would not fall down said stairway and be injured thereby.

"And you are instructed that it would not be negligence *per se* for the defendant to leave the door in question unlocked, nor was he bound to anticipate that persons entering his building would assume every door opening into the building was intended for general use of the public, or that any person would open the door in question and precipitately enter the same, without the use of his or her senses and without thought as to where it led.

"You are instructed that negligence is never presumed, but must be proved by a preponderance of the evidence by the person who charges such negligence. You are therefore instructed that the fact that plaintiff fell down the stairway in question and that she was injured, if at all, is not any proof at all that the defendant was negligent in maintaining the door and stairway in question."

In instructing the jury the court did not adopt the plan of stating hypothetically alleged facts constituting the theory of either party, but followed the plan of general instructions covering the different features of the law applicable to all the facts. Assuming the instruction requested was correct as an abstract principle of law, we are satisfied, considering the instructions given already mentioned, and others bearing upon the subject, the refusal to give the one requested was not

prejudicial.  *Edwards v. Seattle, Renton & Southern R. Co.*, 62 Wash. 77, 113 Pac. 563.

It is also claimed the court committed error in the use of certain language in one of the instructions, as follows:

"You are instructed that the law required the owner of a public building like the one in question, to maintain it and the approaches thereto, in such reasonably safe condition that a reasonably careful and prudent person in entering, or desiring to enter the same, while exercising ordinary care for his or her own safety will not be injured.  But you are instructed that a person entering, or endeavoring to enter such a building as the one in question, is required to use that degree of care and prudence which a person of ordinary intelligence would, or should exercise, under similar circumstances, who is mindful of his or her own safety."

The words "of ordinary intelligence," attributed to one required to exercise care and prudence, are the words objected to, and it is contended, correctly we think, that the law does not fix a degree of intelligence as a standard in negligence cases, for the reason that a person of high intelligence may be presently or habitually careless, while a person of less than ordinary intelligence may be over careful.  The proper standard is one of ordinary care and prudence, rather than ordinary intelligence, but it does not necessarily follow that the use of the words complained of constitutes prejudicial error.  Immediately following, and as a part of the same instruction, the court said:

"You will therefore observe that there are two questions for your consideration:

"1.  Did defendant provide reasonably safe and suitable means of entrance to his building at the time alleged; and—

"2.  Did plaintiff exercise reasonable care and prudence for her own safety under the facts and circumstances in the case, and was the proximate cause of the

accident due to want of reasonable care of the defend-
ant, or was it due to the lack of reasonable care and pru-
dence of the plaintiff herself.''

The objectionable words, without modification and
unexplained, would present a different situation than
when considered in their immediate setting and in
connection with other portions of the instruction. We
think the words were not capable of misleading the jury.
In the case of *Cheichi v. Northern Pac. R. Co.*, 66 Wash.
36, 118 Pac. 916, upon this subject, we said:

.''It is the settled rule of this court that, although de-
tached statements or expressions of the court in its
charge to the jury may be technically erroneous, yet if
the instructions as a whole fairly state the law, there
is no prejudicial error. It was said by this court in
the syllabus to *Seattle Gas & Elec. L. & M. Co. v. Se-
attle*, 6 Wash. 101, 32 Pac. 1058:

'' 'Although detached expressions in the court's
charge to a jury, if considered as independent expres-
sions, may be technically erroneous, yet if the instruc-
tions as a whole, and considered together, fairly state
the law, in nowise misleading the jury, there is no prej-
udicial error.'

''And in *Roberts v. Port Blakely Mill Co.*, 30 Wash.
25, 70 Pac. 111:

'' 'The whole instruction must be construed together.
So construed, it was not error. It is true that this sen-
tence is not technically correct; . . . This court
has frequently held that where an isolated portion of
an instruction, standing alone, may be technically er-
roneous, yet if the whole instruction, taken together,
fairly states the law, it will be upheld.' ''

See, also, *Engelking v. Spokane*, 59 Wash. 446, 110
Pac. 25, 29 L. R. A. (N. S.) 481; *Edwards v. Seattle, R.
& S. R. Co.*, 62 Wash. 77, 113 Pac. 563; *Murphy v. Chi-
cago, Milwaukee & St. P. R. Co.*, 66 Wash. 663, 120 Pac.
525.

Next, it is contended the court should have instructed

"it was the plain duty of plaintiff to use her sense of sight and look where she was stepping." As already seen, the court submitted to the jury's consideration the question of whether the plaintiff exercised reasonable care and prudence for her safety, under the facts and circumstances, and whether the proximate cause of the accident was due to the lack of reasonable care and prudence of the plaintiff. This we think was sufficient.

The motion for a new trial was denied notwithstanding two affidavits on behalf of the appellant. One of them was by one of the attorneys for the appellant to the effect that several of the jurors stated to him that another juror told the jury, while they were in consultation, that he had attempted to open the door to the basement of the Smith building, in which plaintiff was injured, mistaking it for the true entrance, and that such statement was considered by the jury in deliberating upon their verdict. Such an unsworn statement of a juror to an outsider is, upon grounds of public policy, not competent evidence to show misconduct of the jury. In *Maryland Casualty Co. v. Seattle Elec. Co.*, 75 Wash. 430, 134 Pac. 1097, we said:

"Whatever the breadth of the application of the rule as to the inadmissibility of the affidavits of jurors to establish their misconduct, it is almost universally held that affidavits of third persons as to unsworn statements of jurors tending to show either the fact of misconduct or its effect upon the verdict cannot be received for any purpose because they are of a purely hearsay character.

" 'Numerous affidavits setting forth these transactions were presented to the court. An examination of them shows that all the statements therein contained are pure hearsay, consisting of conversations had by the affiants with some of the jurors, or declarations made by jurors in their presence. There is no pretense

that the prevailing party in the action knew of or had anything whatever to do with the alleged misconduct of the jurors, or that the jurors, or either of them, were approached or improperly influenced by any person. There are no facts in regard to this assignment that would authorize this court to interfere with the order of the court below denying a new trial. Statements made by jurors not under oath, after the trial is over, are not competent evidence. *Walton v. Wild Goose Mining & Trading Co.*, 123 Fed. 209, 221.'

"See, also, *Green v. Terminal R. Ass'n of St. Louis*, 211 Mo. 18, 109 S. W. 715; *Stevenson v. Detroit & M. R. Co.*, 118 Mich. 651, 77 N. W. 247; *Shepherd v. Inhabitants of Camden*, 82 Me. 535, 20 Atl. 91; *Gans v. Metropolitan St. R. Co.*, 84 N. Y. Supp. 915; *Kimic v. San Jose-Los Gatos Interurban R. Co.*, 156 Cal. 379, 104 Pac. 986; *Gregory v. Bijou Theater Co.*, 138 App. Div. 590, 122 N. Y. Supp. 1085; *Heldmaier v. Rehor*, 188 Ill. 458, 59 N. E. 9; *Cain Bros. Co. v. Wallace*, 46 Kan. 138, 26 Pac. 445; *Peterson v. Skjelver*, 43 Neb. 663, 62 N. W. 43."

The other affidavit supporting the motion for a new trial was upon the ground of newly discovered evidence. Respondent testified at the trial that, at the time she was injured, she was getting $125 per month and expenses. The person by whom she had been employed did not testify at the trial. After the verdict, the former employer made affidavit that, during an illness, the respondent took a friendly interest in her, and although affiant paid certain small bills for her and her expenses, that she never agreed to pay her any fixed amount of salary, nor that she should remain with her any fixed period of time. The conflict is not very definite in detail. The purpose of the newly discovered evidence was to impeach or discredit respondent's evidence to the extent it differed from it. It goes to the credibility of the respondent as a witness rather than the right of recovery and does not warrant the granting

of a new trial. *Harvey v. Ivory*, 35 Wash. 397, 77 Pac. 725; *Hoffman v. Hansen, ante* p. 73, 203 Pac. 53.

The claim of misconduct on the part of counsel for the respondent before the jury is of no avail. That which is now objected to was not considered of sufficient importance at the time it happened to elicit any objection or exception. Nor do we think the verdict excessive.

An examination of the record in this appeal and the one in the former appeal, both of which have been considered in the present case, convinces us there was sufficient evidence, the jury believing it, to justify the verdict and judgment. Finding no error, the judgment appealed from is affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.