[No. 3840.   Decided September 7, 1901.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH CANUTT, *Appellant.*

CONTEMPT—SUFFICIENCY OF AFFIDAVIT CHARGING CONTEMPT.

Under Bal. Code, §5801, which provides that, when a contempt is not committed in the immediate presence of the court, the facts constituting the contempt must be shown by an affidavit presented to the court, the court cannot assume jurisdiction of a contempt proceeding upon an affidavit reciting that a certain newspaper contained statements showing that defendant was guilty of the contempt charged.

Appeal from Superior Court, Whitman County.— HON. WILLIAM McDONALD, Judge.   Reversed.

*J. N. Pickrell* and *U. L. Ettinger,* for appellant.

The opinion of the court was delivered by

HADLEY, J.—On the 6th day of September, 1900, the following affidavit was filed in the superior court of Whitman county, to-wit:

"William Larkin, being duly sworn, respectfully shows to the court: That in the issue of the Spokesman-Review, a newspaper published in Spokane, Wash., and having general circulation in Whitman county, Washington, dated August 18th, 1900, in an article entitled, 'He Scored a Judge,' said article being dated Colfax, Wash., Aug. 17, 1900, it is alleged that one Joseph Canutt, sheriff of Whitman county, Washington, made use of the following disrespectful, insulting and contemptuous language in the court room of said superior court of Whitman county, when William McDonald, judge of said court, had ordered said sheriff to bring before him, as judge of said court, one Hugh Boyle, then confined in the jail of said county. 'He,' meaning Hugh Boyle, 'has made partial confession that I was in a fair way to get information that would convict several men in Colfax, who are criminals, but you, who have sworn to enforce the laws and administer justice, are standing in with these men and helping them thwart justice. I want to tell you I consider this the damnedest, rottenest proceedings I ever saw in a so-called court of justice.'   and which language and publication thereof brings the superior court of Whitman county, Washington, into ridicule and contempt, and destroys the respect which citizens should have for the honor and dignity of the court.   Wherefore your affiant and petitioner prays that an order be made, requiring said Joseph Canutt to appear at a time and place therein named, and show cause why he should not be arrested and punished for said contempt."

On the same day the court entered an order directing said Joseph Canutt to appear before the court and show cause why he should not be punished for contempt. Thereupon said Canutt appeared before the court, and

interposed a demurrer to the foregoing affidavit upon the following grounds, viz.:

"That said affidavit does not state facts sufficient to constitute contempt of court.

"That said affidavit does not state sufficient facts to charge the defendant with any contempt of court.

"That said affidavit does not state sufficient facts to charge the defendant with any offense whatsoever or at all against the laws of the state of Washington.

"That the court has no jurisdiction of the subject matter of this action.

"That the court has no jurisdiction of this cause."

The demurrer was afterwards by the court overruled, to which ruling the said Canutt duly excepted, and, having elected to stand upon his demurrer, refused to plead further. Thereupon evidence was introduced in behalf of the state, and the court found the accused guilty of contempt of court, and entered judgment that he should pay a fine of $50. From said judgment this appeal is prosecuted.

It is assigned as error that the court overruled the demurrer to the affidavit. Bal. Code, § 5800, provides, that when a contempt is committed in the immediate presence of the court, it may be punished summarily; and §5801 provides that in all other cases the facts constituting the contempt must be shown by an affidavit presented to the court. It is not claimed that the acts of appellant were committed in the immediate presence of the court, and the case was, therefore, properly commenced by the presentation of an affidavit to the court. The affidavit, therefore, became the foundation of the action, and from its recitals the jurisdiction and powers of the court in the premises must be determined. It will be observed that the affidavit does not say in terms that the appellant committed the acts mentioned, but

simply charges that "in the issue of the Spokesman- Review . . . it is alleged that one Joseph Canutt, sheriff of Whitman county, Washington, made use of the following . . . language, in the court room of the superior court of Whitman county, . . ." It is not charged that the accused actually used the offensive language, but that the newspaper alleges that he did so. The affidavit cannot be said to be more than a sworn statement that some one else said the accused did the things mentioned. We think a hearsay statement of this kind is not sufficient to invoke the jurisdiction of the court for the arrest and punishment of one under a grave and opprobrious charge. Before the court can assume jurisdiction of such a proceeding, it must receive its information through the affidavit of some one who is prepared to state the facts without referring to a third person as his informant. We think the demurrer to the affidavit should have been sustained, and it is therefore unnecessary to review other questions presented.

The judgment is reversed, and the cause remanded, with instructions to the lower court to sustain the demurrer, with costs taxed in favor of appellant.

REAVIS, C. J., and FULLERTON, DUNBAR, ANDERS, MOUNT and WHITE, JJ., concur.