[No. 16700.    Department One.    December 19, 1921.]

# W. E. HOFFMAN, *Respondent*, v. JENS L. HANSEN *et al.,* *Appellants*.[1]

MASTER AND SERVANT (20-1)—INJURY TO SERVANT — WORKMEN'S COMPENSATION ACT—"PLANT"—SCOPE OF EMPLOYMENT—ELECTION OF REMEDIES.    An electric railway motorman who had registered for his daily service and then left the plant and premises in pursuit of his own pastime, prior to taking up the duties of his employment, and was injured in a. street accident, does not come within the provisions of Rem. Code, § 6604-3, requiring him to elect in advance of suit whether to take under the workmen's compensation act or seek a remedy against the party liable for the injury.

MUNICIPAL CORPORATIONS (380, 391)—STREETS—COLLISION WITH AUTOMOBILE—CONTRIBUTORY NEGLIGENCE—RIGHT OF WAY.    An ordinance giving vehicles the right of way over pedestrians between street intersections and crossings does not confer the absolute right of way upon the vehicle, but imposes upon the pedestrian a higher degree of care than at regular crossings.

SAME (390)—USE OF STREETS—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.    Whether plaintiff could have been injured by an automobile as he claimed, in view of testimony as to the part of the automobile with which he came in contact, was a matter for the jury, and not ground for a motion for judgment notwithstanding the verdict.

SAME (390).    Where the evidence in an action for personal injuries showed that an automobile without lights, while it was still dark, was driven at an excessive rate of speed, swerved from near the middle of the street to a point at or near the curb and ran down plaintiff while he was endeavoring to get from the street to the curb, it presented a question for the jury, and was not subject to motion challenging the sufficiency of the evidence nor to motion for judgment notwithstanding the verdict.

NEW TRIAL (39)—GROUNDS—NEWLY DISCOVERED EVIDENCE—CREDIBILITY.    A new trial will not be granted for newly discovered evidence which goes merely to the credibility of the opposite party as a witness.

SAME (22)—GROUNDS—SUFFICIENCY OF EVIDENCE.    In an action for personal injuries, defendant is not entitled to a new trial on the ground plaintiff swore falsely as to having a child, when in

[1]Reported in 203 Pac. 53.

fact the child had been adopted by his mother, there being no examination as to the support of the child, and the matter of the child was only incidentally brought out in cross-examination.

MUNICIPAL CORPORATIONS (392)—USE OF STREETS—NEGLIGENCE—INSTRUCTIONS. Where a traffic ordinance had been introduced in evidence, though not pleaded in the complaint, it was not error for the court to charge the jury that automobiles are required to keep as near the right-hand curb, in the direction in which they are going, as is practicable, when it clearly appeared that the situation at the scene of the accident made the instruction proper.

TRIAL (116)—INSTRUCTIONS—AS A WHOLE. Particular portions of instructions which as a whole correctly state the law cannot be segregated and assigned as error.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered April 14, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Roberts & Skeel,* for appellants.
*Crowder & Crowder,* for respondent.

MITCHELL, J.—This is a personal injury action, brought by W. E. Hoffman against Jens L. Hansen and Hansen Bread Company. The defendants have appealed from a judgment against them.

Many of the facts are in dispute, but there is ample evidence to show that the accident causing the injuries happened February 2, 1920, before daylight. The respondent was a motorman operating an electric street car for the city of Seattle out of its car barns, situated on the east side of Fifth avenue north and north of its intersection with Republican street, the two streets crossing at right angles. His run for the day commenced from the car barns at 6 a. m. He was required to register in not less than ten minutes before his service commenced (he could register in as much earlier as he wished), and after registering in until

the service started, the time was his own to do as he pleased. On the morning in question, he registered in at 5:35, after which, as was his habit, he took a walk on the street. He went south on Fifth avenue and returned on the west side of it. Upon reaching a point about midway between Republican street and Harrison street (the latter being the next street south of Republican street), he decided to cross over diagonally from that point to the Roslyn Cafe, in the building at the southeast corner of the avenue and Republican street, to get a cup of coffee. This was about 5:50 a. m. Upon stepping off the curb, he noticed a well lighted touring car approaching from the north, in or near the middle of the avenue, at the rate of fifty to sixty miles an hour. He stepped back onto the curb until the car disappeared to the south. Thereupon he again started to cross the avenue, and on taking one or two steps into the street, he noticed an unlighted car, about seventy-five feet away, near the center of the avenue, approaching from the north at twenty-five to thirty-five miles an hour. He hollered "put on your lights," and stepped back towards the curb, and instantly was struck by the car and knocked some fifteen to twenty feet onto the parking strip. He was seriously injured. After striking him, the car ran up on the parking strip for a distance of fifteen to twenty feet, then turned to the left and stopped, standing across the avenue with the rear wheels near the curb. The auto was a Ford delivery truck belonging to the appellants, and was being driven by an employee in the delivery of bread from their bakery near by.

It is contended the respondent was under the workmen's compensation act at the time he was injured, and that, if he was not, the trial court erred in not holding he could not maintain this action without hav-

ing first made and filed an election to sue. Unquestionably, the occupation or employment as street car conductor is classified as extra hazardous and is within the terms of the act, §§ 6604-2, 6604-4, Rem. Code; but § 6604-3, in defining words employed in the act, says:

"Workman means every person in this state, who, after September 30, 1911, is engaged in the employment of an employer carrying on or conducting any of the industries scheduled or classified in § 6604-4, whether by way of manual labor or otherwise, and whether upon the premises or at the plant or, he being in the course of his employment, away from the plant of his employer: Provided, however, that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from his injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; . . ."

Situated and engaged as he was at the time of the accident, it cannot be said, upon a liberal construction of the act, that he was upon the premises or at the plant of his employer. He was upon the sidewalk and street, in a sense entirely disassociated from the street railroad and its service. Nor can it be said that, while thus away from the plant of his employer, he was in the course of his employment. At the time he was injured, he was engaged in the exercise or pastime of walking, and was no more in the course of his employment than if, at that time, he had been away engaged in the exercise or pastime of boating or automobiling. The complaint being that his injuries were due to the negligence or wrong of another, who it appears was not in the same employ, and it appearing

he was injured at a time he was not in the course of his employment and was away from the plant of his employer, it follows that the provisions of the act requiring him to elect whether to take under the act or seek a remedy against such other, and that such election shall be in advance of any suit under this section, is not applicable.

It is claimed the challenge of the defendants to the sufficiency of the evidence and a motion for judgment notwithstanding the verdict should not have been · denied. The contention involves the defense of contributory negligence, and it is argued that; as the accident occurred between street intersections, the respondent assumed the risk, and that the driver of appellant's automobile had the absolute right of way. The argument goes too far. The case of *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, is relied on by appellants. That case is not in point. It considers an ordinance of Tacoma that differs materially from the one in this case. The one here provides: "Pedestrians shall have the right-of-way over vehicles at street intersections and crossings; vehicles the right-of-way over pedestrians between street intersections and crossings." Of this ordinance it was said in the *Crowl v. West Coast Steel Co.* case, quoting from the case of *Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649:

" 'If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing, just as the necessity of the case puts the same higher degree of care upon the pedestrian at other places than at crossings.' "

The matter of absolute right is not involved here, but only the degree of care exacted.

With reference to the motions, in another aspect it is contended the respondent could not have been injured as he claims, considering other testimony as to the portion of the automobile with which he came in contact in the collision, but without giving the details of it, that was a matter for the jury. Further, it is argued generally that, upon all of the evidence, the motions should have been granted. From the facts already mentioned, the jury had a right to believe that the driver, when it was dark, without lights, at an excessive rate of speed, swerved or came at an angle (as one of the witnesses put it) from near the middle of the street to a point at or near the curb, and ran down the respondent at a time he was undertaking to save himself. There is a dispute whether there was any other traffic on the street at the time of the accident. Altogether the case was one for the jury.

It is further claimed a new trial should have been granted for the reasons: (1) Newly discovered evidence to the effect that the respondent, in 1904, had been convicted of a crime. After that date, and for eleven years, it appears that respondent had been steadily engaged as a street railroad employee in Seattle. This court has held a new trial should not be granted for newly discovered evidence which merely goes to the credibility of the opposite party as a witness, rather than to the right of recovery. *Harvey v. Ivory,* 35 Wash. 397, 77 Pac. 725. "This court has several times held that, where the only purpose of newly discovered evidence is to impeach or discredit evidence produced at the trial, a new trial will be denied." *Orr v. Schwager & Nettleton,* 74 Wash. 631, 134 Pac. 501. See, also, *Armstrong v. Yakima Hotel Co.,* 75 Wash. 477, 135 Pac. 233.

(2) That respondent swore falsely about his child.

He gave no testimony as to the child until on cross-examination he said: "Q. You are a married man, are you? A. Yes, sir. Q. Any children? A. One. Q. How old is the child? A. 11 years old. Q. Living with you? A. No, sir. Q. Where is the child? A. My mother has got her." The affidavit for a new trial showed that the child had been adopted, with the consent of its parents, by the respondent's mother. The matter was incidental, brought out on cross-examination, and the respondent was not questioned with reference to the support of the child.

(3) Instructions to the jury: It is claimed the court erroneously instructed the jury "that by an ordinance of the city, automobiles are required to keep as near the right-hand curb, in the direction in which they are going, as it is practicable for them to drive," because it was not plead in the complaint. But the record shows that the appellants introduced this section of the traffic ordinance in evidence, and clearly the situation at the scene of the accident made the instruction proper. The criticisms made of the court's instructions as to the effect of the respondent's ability to see the automobile, although it was without lights, and the effect or legal consequences of the violation of positive laws as related to the subject of negligence and proximate cause, are made as if those instructions stood alone in the whole body of the law given to the jury. They were only portions of the instructions on the subjects of negligence and proximate cause. The rule requires a consideration of all of the instructions given, and from that view point, in this case, it appears there was no partiality in the instructions nor cause for the claim of errors.

Affirmed.

PARKER, C. J., FULLERTON, BRIDGES, and TOLMAN, JJ., concur.