[No. 21974. Department Two. December 2, 1929.]

THE STATE OF WASHINGTON, *Respondent,* v. LOUIS PRINCE, *Appellant.*[1]

*H. N. Martin* and *Robbins & Rickles,* for appellant.

*H. A. Davis,* for respondent.

HOLCOMB, J.—In June, 1928, appellant was proceeded against in the superior court for Okanogan county upon an information charging that in that county, state of Washington, appellant did, on about May 31, 1928, then and there unlawfully have in his possession twelve beaver hides.

[1]Reported in 282 Pac. 907.

Both sides stated in their briefs that appellant had been previously tried before a justice of the peace, found guilty, fined and appealed to the superior court. The record only discloses that the prosecution was upon the information filed in the superior court. He was there tried and the jury found him guilty.

Thereafter he filed a motion for a new trial upon the grounds that the verdict of the jury was contrary to the law and the evidence; of errors of law occurring at the trial excepted to by appellant; misconduct of the jury; and newly discovered evidence which could not with reasonable diligence on the part of appellant have been produced at the trial. This motion was filed December 18, 1928, and was supported by certain affidavits. On February 5, 1929, the trial court denied the motion for a new trial; reciting that, after hearing the argument of counsel, the court, being fully advised in the premises, ordered that the same be denied. It thereupon adjudged that appellant be fined in the sum of $120 and pay the costs of the prosecution taxed at $353.40.

Upon appeal from that judgment, the errors relied upon are that the court did not grant the motion for a new trial upon each and every ground specified; in entering judgment upon the verdict; in not granting a motion to retax costs; and that the verdict and judgment are contrary to the law and the evidence.

First, disposing of the alleged error relating to the denial of a motion to retax costs, it suffices to say that no motion to retax and no order denying any such motion are brought up in the record. There is therefore nothing before us upon which appellant's contention can be sustained.

Most of the argument on behalf of appellant is to the effect that the evidence does not sustain the

verdict, and the principal attack is centered upon the chief witness for the state, one Dalrymple.

Appellant cites authorities to the effect that, where it clearly appears that the jury disregarded both the evidence and the instructions of the court, its verdict should have no binding force; and if the verdict is not supported by any substantial proof it should be promptly and unhesitatingly set aside. Having examined the testimony of Dalrymple, we find that he told a straightforward, consistent story. We observe also that in one important respect he was corroborated by the sheriff of the county, testifying as a witness for the state. The sheriff's testimony also tended to refute the attempted proof of an alibi made by appellant. There were also other connected facts tending to trace the possession of the beaver hides to appellant at the time in question.

We have no hesitancy in declaring that there was ample evidence, if the jury believed it, to sustain the verdict.

The authorities cited to sustain this contention are not pertinent.

■ After the verdict of the jury, appellant took about one month's time in which to secure affidavits in support of his motion for a new trial. All of the affidavits secured in support thereof were to the effect that the reputation of Dalrymple for truth and veracity was not good in and about the small town where he lived in British Columbia. That place was not many miles from Oroville, the place where appellant lived and was in business and was shown to be possessed of the hides in question, and appellant should have been easily able to procure such testimony before trial in the superior court. Whatever the reputation for truth and veracity of Dalrymple may have been, however, and disregarding appellant's negligence, this

court has several times held that, where the only purpose of newly discovered evidence is to impeach or discredit evidence produced at the trial, a new trial will be denied. *Hoffman v. Hansen,* 118 Wash. 73, 203 Pac. 53; *Johnson v. Smith,* 118 Wash. 146, 203 Pac. 56.

The integrity of one juror was also attempted to be assailed by an affidavit of an outsider as to an unsworn statement supposed to have been made by that juror. Such hearsay evidence for the purpose of showing misconduct of a juror is always rejected. *Johnson v. Smith, supra; Maryland Casualty Co. v. Seattle Electric Co.,* 75 Wash. 430, 134 Pac. 1097.

We find no error and the judgment is affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and FRENCH, JJ., concur.