[No. 24292.   Department One.   July 24, 1933.]

MITCHELL K. HILL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General, Harry Ellsworth Foster,* and *Granville Egan,* for appellant.

*Berkey & Cowan,* for respondent.

BEALS, C. J.—Plaintiff in this action, who was in the employ of Spokane United Railways Co. as a street-car operator, at 4:58 o'clock on the morning of February 20, 1931, took his car from the barn and proceeded upon his regular schedule.   Passing the post office, plaintiff left his car for the purpose of depositing a letter in the public mail box in front of the building.   While crossing the street on his return to his car, plaintiff was struck and severely injured by an automobile.

Plaintiff thereafter filed his claim with the depart-

[1]Reported in 24 P. (2d) 95.

ment of labor and industries, the joint board rejecting the same on the ground that plaintiff, at the time of his injury, was not acting within the course of his employment. From this ruling, plaintiff appealed to the superior court, which reversed the decision of the joint board and referred the case back to the department by an order which directed that plaintiff's claim be allowed in the sum of $345.20. From this judgment, the department has appealed to this court.

The case is presented here upon the findings of fact made by the trial court. Appellant assigns error upon one finding of fact—that stating the extent of the injuries suffered by respondent, upon the entry of the conclusions of law, and upon the rendition of judgment in favor of respondent.

Respondent moves to dismiss this appeal upon the ground that appellant did not seasonably cause a transcript to be filed in this court, and for the further reason that appellant's opening brief was filed after the expiration of the time prescribed by law. The jurisdictional steps necessary to a review of the judgment herein by this court were seasonably taken by appellant. The delay in filing the transcript and appellant's opening brief was not so great as to call for the dismissal òf the appeal, and respondent's motion is accordingly denied.

Appellant argues that it appears from the findings that respondent, at the time he was hurt, was not in the course of his employment, and that, for this reason, he is not entitled to relief from the fund in appellant's custody.

In the case of *Hama Hama Logging Co. v. Department of Labor and Industries*, 157 Wash. 96, 288 Pac. 655, this court, sitting *En Banc*, said:

"It follows that an employee, injured at a time when he is doing something solely for his own benefit or ac-

commodation, and not while engaged in or furthering his employer's business, is not injured 'in the course of his employment.' "

In the earlier case of *Hoffman v. Hansen,* 118 Wash. 73, 203 Pac. 53, it was held that a motorman in the employ of the municipal street railway of the city of Seattle who, after registering at the proper office for his day's employment, strolled along the street while waiting for the time to take out his car and while so engaged was struck by an automobile and injured, was not when hurt within the course of his employment, and was not, therefore, limited in his claim for compensation to his remedy under the workmen's compensation act. In discussing the question of whether or not the injured employee was limited to his rights under the workmen's compensation act, this court said:

"Situated and engaged as he was at the time of the accident, it cannot be said, upon a liberal construction of the act, that he was upon the premises or at the plant of his employer. He was upon the sidewalk and street, in a sense entirely disassociated from the street railroad and its service. Nor can it be said that, while thus away from the plant of his employer, he was in the course of his employment. At the time he was injured, he was engaged in the exercise or pastime of walking, and was no more in the course of his employment than if, at that time, he had been away engaged in the exercise or pastime of boating or automobiling. The complaint being that his injuries were due to the negligence or wrong of another, who it appears was not in the same employ, and it appearing he was injured at a time he was not in the course of his employment and was away from the plant of his employer, it follows that the provisions of the act requiring him to elect whether to take under the act or seek a remedy against such other, and that such election shall be in advance of any suit under this section, is not applicable."

In the case cited, the question presented was the right of the injured workman to sue the persons responsible for his injuries, but the logic of the opinion is applicable to the case at bar.

This case is clearly to be distinguished from cases in which a person within the protection of the act temporarily leaves the place of his employment for the purpose of performing some act of necessity or convenience such as procuring water or food. Such actions are necessary to the proper performance of the work, and in many cases constitute no interruption of the course of the employment. Ordinarily, the mailing of a letter is an act clearly without the course of the employment, and the record before us contains nothing which indicates that circumstances existed which take this case without the general rule.

Our conclusion, that respondent, at the time he was injured, was not within the course of his employment within the meaning of the statute, is supported by the following decisions of other courts: *Dreyfus & Co. v. Meade,* 142 Va. 567, 129 S. E. 336; *California Casualty Indemnity Exchange v. Industrial Accident Commission,* 190 Cal. 433, 213 Pac. 257; *Southern Surety Co. v. Galloway,* 89 Okla. 45, 213 Pac. 850; *In re Betts,* 66 Ind. App. 484, 118 N. E. 551; *Horton's Case,* 275 Mass. 572, 176 N. E. 648; *Industrial Commission of Ohio v. Ahern,* 119 Ohio 41, 162 N. E. 272, 59 A. L. R. 367.

It is true, as argued by respondent, that this court has held that the workmen's compensation act should be liberally construed in favor of its beneficiaries, but it is equally true that the statute must be construed according to the plain meaning of its terms, and that the words, "Each workman who shall be injured in the course of his employment" (Rem. Rev. Stat., § 7679, Laws of 1927, p. 834, § 4), limit the injuries compen-

sable thereunder to those which reasonably fall within its provisions.

Respondent invokes the doctrine enunciated by the supreme court of Illinois in the case of *Rainford v. Chicago City Ry. Co.*, 289 Ill. 427, 124 N. E. 643, to the effect that:

"That which is reasonably necessary to the health and comfort of the employee, although personal to him, is incidental to the employment and service."

With this doctrine we are in accord, but it does not apply to a matter such as the mailing of a letter, which is wholly foreign to the employment upon which the person injured is engaged, and necessary neither to his health nor physical comfort.

We are not in accord with all of the language used by the appellate court of Indiana in the case of *Holland-St. Louis Sugar Co. v. Shraluka*, 64 Ind. App. 545, 116 N. E. 330, in which it was held that a workman answering a telephone call would be presumed to have been in the performance of an act necessary to his comfort and convenience, and that such an act would be considered an incident of his employment where the employer had established no rule to the contrary. It appears, however, that this court rested its decision in favor of the workman upon another and much more reasonable ground.

In the recent case of *Denny v. Department of Labor and Industries*, 172 Wash. 631, 21 P. (2d) 275, this court held that the plaintiff and respondent, a solicitor in the employ of an auto freight company, who usually solicited business during the morning hours and worked in the warehouse afternoons, was not, while answering a telephone call in the course of which act he was injured, engaged in a hazardous employment within the purview of the act. The court assumed that, in his work in the warehouse, Mr. Denny's duties

might have been held to be extrahazardous, but that, at the time he was injured, the service upon which he was engaged did not fall within that category. The decision is important as laying down the principle that the situation and circumstances as they existed at the time of the injury should be carefully considered in determining whether or not the injured workman is entitled to the benefit of the statute. That this be done, is equally important in the case at bar, and all the circumstances should be considered in determining the question of respondent's rights under the act.

The decisions of this court in the cases of *White v. Shafer Bros. Lumber & Door Co.*, 165 Wash. 298, 5 P. (2d) 520, 8 P. (2d) 1119, and *Burchfield v. Department of Labor and Industries,* 165 Wash. 106, 4 P. (2d) 858, are not contrary to the views herein expressed; the claimant in the former case having been injured while seeking extra work, he being regularly employed on the night shift; and in the latter case the workman having been returning to his home after performing labor for his employer at a point distant from the place of his regular occupation.

Careful examination of the record before us, in view of the authorities, convinces us that it must be held that respondent, at the time he was hurt, was not in the course of his employment within the terms of the statute, and that the trial court erred in entering judgment in respondent's favor.

The judgment appealed from is reversed, with instructions to enter judgment denying respondent any relief.

In view of the delay in filing appellant's transcript and brief, no costs will be taxed in appellant's favor on these items.

MITCHELL, BLAKE, HOLCOMB, and MILLARD, JJ., concur.