[No. 34329. Department Two. June 12, 1958.]

THE STATE OF WASHINGTON, on the Relation of Pete V. Erhardt et al., Appellants, v. JOHN D. MACGILLIVRAY, Respondent.[1]

J. P. Tonkoff, Tonkoff, Holst & Hopp, Melvin M. Belli, Keogan & Kinnie, John Walthew, Robert L. Bell, Samuel W. Fancher, Carl Maxey, and Henry Opendack, for appellants.

Richard S. Munter, Thomas Malott, and Willard W. Jones, for respondent.

HILL, C. J.—The plaintiffs in a civil action pending in Spokane county (hereinafter referred to as the appellants) seek, in this proceeding, to have one of the attorneys for the defendants in that civil action (hereinafter referred to as the alleged contemnor) punished for contempt under the provisions of RCW 7.20.

We have, in Keller v. Keller (1958), ante p. 84, 323 P. (2d) 231, very recently had occasion to discuss and clarify our contempt statutes and procedures. As there indicated, RCW 7.20 has been variously denominated as the "civil contempt statute" and the "general contempt statute," as distinguished from the criminal contempt statute RCW 9.23.010.

[1]Reported in 326 P. (2d) 738.

RCW 7.20 has also been called *"sui generis,"* probably because, while the state is said to be the plaintiff, it permits a private party to wage a purely punitive contempt proceeding with a possible penalty of fine and imprisonment; but, as pointed out in *Keller v. Keller, supra,* the accused is not entitled to a jury trial.

This statute dates back to 1869, and is found in the Code of 1881 as chapter 62, §§ 725-738. As presently found in RCW 7.20.010 to 7.20.140, the essential features are as follows:

RCW 7.20.010 sets forth twelve acts and omissions that are deemed to be contempts of court. The first two apply to acts or omissions occurring in the presence of the court; the remainder, including the ninth on which the charge in this proceeding is based, apply to acts or omissions occurring outside the immediate view or presence of the court.

We are concerned with "Any other unlawful interference with the process or proceedings of a court." RCW 7.20.010 (9).

RCW 7.20.040 provides that, where the act or omission is outside the immediate view or presence of the court, " . . . the facts constituting the contempt must be shown by an affidavit presented to the court . . . ," and, thereupon, the court " . . . may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance."

The issue presented to the court in the present case is the sufficiency of the affidavit filed in this proceeding; and that, in turn, depends upon whether it is necessary that the affiant, or affiants, have testimonial knowledge of the acts or omissions constituting the claimed contempt.

Some of the other provisions of this statute should be briefly outlined before we proceed to a consideration of this issue.

RCW 7.20.060 provides that the state is the plaintiff, and that in all cases of public interest the proceeding may be prosecuted by the district (prosecuting) attorney on behalf of the state, " . . . and in all cases where the proceeding

is commenced upon the relation of a private party, such party shall be deemed a co-plaintiff with the state."

RCW 7.20.080 reads, in part, as follows:

"When the defendant has been brought up or appeared, the court or judicial officer shall proceed to investigate the charge by examining such defendant and witnesses for or against him, for which an adjournment may be had from time to time, if necessary. [Code 1881 § 732; 1877 p 149 § 737; 1869 p 169 § 674; RRS § 1056.]"

RCW 7.20.090 reads:

"Upon the evidence so taken, the court or judicial officer shall determine whether or not the defendant is guilty of the contempt charged; and, if it be determined that he is so guilty, shall sentence him to be punished as provided in this chapter. [Code 1881 § 733; 1877 p 149 § 738; 1869 p 170 § 675; RRS § 1057.]"

RCW 7.20.100 provides that, if any loss or injury to a party in any action has been caused by the contempt, the court ". . . in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover of the defendant a sum of money sufficient to indemnify him . . ."

In the present proceeding the appellants filed an affidavit, made by one of their attorneys to comply with the requirement of RCW 7.20.040, that ". . . the facts constituting the contempt must be shown by an affidavit presented to the court . . ." The allegation of the affidavit is that the alleged contemnor solicited and requested the city editor of a Spokane newspaper to publish an article concerning the civil action in which the appellants were plaintiffs; and that, as a direct result of such solicitation, an article was published in that newspaper. (The article was then set out in full.)

The affiant further stated that the statements contained in the article were made for the sole and only purpose of prejudicing and biasing readers of that newspaper against any award or recovery for the appellants in their civil action; and that the alleged contemnor knew that by the pub-

lished statement he would interfere with and obstruct justice in the trial of appellants' civil action.

The affiant concludes with the allegation that the alleged contemnor is guilty of contempt of court and misconduct in the following respects:

(1) That he had intentionally invaded the jurisdiction of the court by attempting to influence, prejudice, and bias jurors against the appellants, and prevent the appellants from having a fair and impartial trial.

(2) That he knowingly misrepresented facts to the prospective jurors to be selected in Spokane county as to who would have to pay any judgment the appellants might secure.

(3) That he was guilty of violating the canons of professional ethics by issuing a statement for newspaper publication, concerning pending litigation, which he knew would interfere with a fair trial in the litigation then pending.

Based on this affidavit, the appellants asked for an order to show cause why the alleged contemnor should not be punished for contempt.

The trial court directed a hearing on this application, and the alleged contemnor filed an affidavit that at no time during the months of March or April, 1957, did he make any solicitations, requests, or statements of or to the representatives of the newspaper referred to in the affidavit in the presence of or within the hearing of the affiant.

The purpose of this affidavit was to raise the issue that the affiant had no testimonial knowledge that the alleged contemnor solicited and requested the city editor of a Spokane newspaper to publish the specific article in question.

It was conceded by the affiant, at the hearing on whether the order to show cause should issue, that he did not personally hear any such solicitation or request; it is likewise conceded in appellants' brief. It is pointed out in the brief that a person, such as the news editor referred to in the affidavit, cannot be compelled to make an affidavit, but that if a hearing is held, he can be compelled to testify.

If this were a case of first impression, the result might well be different, for it could be persuasively urged that when a member of the bar of this state (an officer of the court) makes such an allegation, which if false might imperil his right to practice his profession, it should be a sufficient basis to warrant a hearing on the charges made. A majority of the court, however, are unwilling to overrule *State v. Canutt* (1901), 26 Wash. 68, 66 P. (2d) 130. The opinion in that case involved the sufficiency of the affidavit filed under Bal. Code, § 5801, now RCW 7.20.040. The court there said (p. 70):

"The affidavit, therefore, became the foundation of the action, and from its recitals the jurisdiction and powers of the court in the premises must be determined,"

and, confronted with a situation where, as here, the maker of the affidavit did not have testimonial knowledge of the facts constituting the contempt, the court said:

"We think a hearsay statement of this kind is not sufficient to invoke the jurisdiction of the court for the arrest and punishment of one under a grave and opprobrious charge. Before the court can assume jurisdiction of such a proceeding, it must receive its information through the affidavit of some one who is prepared to state the facts without referring to a third person as his informant."

The trial court based its refusal to issue an order to show cause on the reasoning of *State v. Canutt, supra,* which supports the proposition that before the superior court will assume jurisdiction of a contempt proceeding under RCW 7.20, where the contempt occurs outside the view and presence of the court, the contempt must be shown by an affidavit of someone who has testimonial knowledge of the facts constituting the contempt.

At the hearing on the application for the order to show cause, there were charges and countercharges as to breaches of the canons of professional ethics. We are not concerned at this time with those charges; the machinery for their investigation and determination is available to the interested parties.

We are confronted with the narrow question of the sufficiency of the affidavit, heretofore discussed, to become the foundation of a contempt proceeding. On that issue, the case of *State v. Canutt, supra,* is decisive.

██ We affirm the refusal of the trial court to issue the order to show cause requested by the appellants.

DONWORTH, WEAVER, ROSELLINI, and FOSTER, JJ., concur.