[No. 34703. Department One. February 19, 1959.]

MARY JOHNSTON, *a Minor, by Joseph H. Johnston, her Guardian ad Litem, Appellant,* v. SOUND TRANSFER CO., INC., *et al., Respondents.*[1]

*Miracle, Treadwell & Pruzan,* for appellant.

*Wilson & Chamberlin,* for respondents.

FOSTER, J.—Appellant, a minor, by guardian, sued the respondents for their alleged negligence in causing her to be thrown from a horse which she was riding. From a judgment of dismissal upon a verdict for respondents, the minor appeals.

All of the evidence offered and received is not brought here, but instead there is a short record, as permitted by

[1]Reported in 335 P. (2d) 598.

Rule on Appeal 34(3), 34A Wn. (2d) 36, accompanied by the requisite statement of the points to be relied upon here. That statement of points is:

"1. The trial court erred in failing to grant plaintiff's motion for a directed verdict after both parties had rested and in failing to grant plaintiff's motion for judgment notwithstanding the verdict following a verdict for defendants.

"2. A new trial should be granted plaintiff because of the misconduct of members of the jury during the jury's deliberations in bringing before the jury facts allegedly based upon their personal knowledge concerning material issues in the case, as disclosed by the affidavits filed by plaintiff in support of the motion for new trial and included in the statement of facts."

■ Appellant's case was predicated upon the doctrine of last clear chance, which, of course, presupposes her own contributory negligence. The conflicting proofs took a very wide range which makes the verdict conclusive.

■ Moreover, no exceptions were taken to the court's instructions, which, consequently, are the law of the case. *Ranniger v. Bryce*, 51 Wn. (2d) 383, 318 P. (2d) 618; *Becker v. Tacoma Transit Co.*, 50 Wn. (2d) 688, 314 P. (2d) 638.

■ Appellant claims misconduct of the jury. The claim is that two members of the jury, after the jury retired to consider its verdict, related in the jury room their experiences in horseback riding. The further contention is made that these statements influenced the verdict. The only instance in which a juror's affidavit may be used to impeach the verdict is pursuant to Superior Court Rule 16(2), 34A Wn. (2d) 117, which is as follows:

"Misconduct of prevailing party or jury; and whenever any one or more of the jurors shall have been induced to assent to any general or special verdict to a finding on any question or questions submitted to the jury by the court, other and different from his own conclusions, and arrived at by a resort to the determination of chance or lot, such misconduct may be proved by the affidavits of one or more of the jurors; . . ."

■ The present rule (formerly RCW 4.76.020) has long been construed to prohibit a juror from impeaching the ver-

dict by affidavit. The cases are collected in *Dibley v. Peters*, 200 Wash. 100, 93 P. (2d) 720. There is no other proof as to what transpired in the jury room except hearsay statements in affidavits as to what jurors had said. Such affidavits cannot be considered. *Johnson v. Smith*, 118 Wash. 146, 203 Pac. 56.

Affirmed.

MALLERY, HILL, FINLEY, and HUNTER, JJ., concur.