[No. 38874.    Department One.    March 2, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE BILLIE JAMES, *Appellant*.*

*Charles E. Ehlert*, for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *David W. Soukup*, for respondent.

HUNTER, J.—The defendant (appellant) was charged by information in the Superior Court for King County with the crime of burglary in the second degree by breaking and entering a Washington State Liquor Store in Seattle, wherein merchandise was kept for sale or use. The defendant was tried before a jury and found guilty as charged. Judgment was entered upon the jury verdict. The defendant appeals.

In a pretrial motion the trial judge was advised of the defendant's criminal record. The defendant contends that divulging this information to the court prior to the

*Reported in 424 P.2d 1005.

finding of the defendant's guilt at the trial was prejudicial to the defendant receiving a fair trial. This contention is without merit. At the time of fixing bail it is necessary for the trial judge to be advised of a defendant's criminal record, if any, in order to properly determine the amount of bail. See 8 C.J.S. *Bail* § 49, p. 135; and 8 Am. Jur. 2d *Bail and Recognizance* § 73, p. 825.

■ A judge is presumed to afford every citizen brought before him charged with a crime, irrespective of his past record, the right to a fair and impartial trial. There is no showing that the defendant was not afforded such consideration by the trial judge in this case.

The defendant further contends that the jury committed error by performing an asserted experiment. During the course of the trial the state introduced pieces of plasterboard taken from the interior of the liquor store which the defendant was alleged to have burglarized. Dust taken from these exhibits was compared by an expert witness with a powdery white substance found on the defendant's trousers, which was found by that witness to be "compatible." It was the defendant's theory that this testimony was unreliable, since there was no showing as to the time or place the white substance got on the defendant's trousers and that it could have gotten on the defendant's trousers in the police laboratory.

The defendant's counsel filed his affidavit containing the statement that upon interviewing jurors after the trial he was advised that experiments were conducted during their deliberations by one or more jurors rubbing the exhibits of plasterboard against their clothing to determine how easily the plaster dust would rub off. The defendant argues that this constituted misconduct vitiating the jury verdict; and that he was denied the right of cross-examination and the opportunity to impeach by rebuttal evidence the method or logic by which their conclusions were reached.

■ The state argues that the information contained in the defense counsel's affidavit is hearsay, and that affidavits of a third party cannot be used to assail a jury verdict. We

agree. The cases cited by the state clearly so hold. *Johnson v. Smith,* 118 Wash. 146, 151, 152, 203 Pac. 56 (1921); *State v. Prince,* 154 Wash. 409, 412, 282 Pac. 907 (1929); *Lindsey v. Elkins,* 154 Wash. 588, 615, 283 Pac. 447 (1929); *State v. Dalton,* 158 Wash. 144, 146, 290 Pac. 989 (1930); *Johnston v. Sound Transfer Co.,* 53 Wn.2d 630, 632, 335 P.2d 598 (1959); *Cox v. Charles Wright Academy, Inc., ante* p. 173, 422 P.2d 515 (1967).

The judgment is affirmed.

HILL, WEAVER, ROSELLINI, and HALE, JJ., concur.