[No. 39264. Department One. November 24, 1967.]

THE STATE OF WASHINGTON, *Appellant*, v. HAROLD
HAWKINS, *Respondent*.*

*E. R. Whitmore, Jr.* and *David J. Whitmore,* for appel-
lant.

*H. B. Hanna* and *Charles W. Cone,* for respondent.

ROSELLINI, J.—The defendant was found guilty of man-
slaughter by a jury in King County. He had been charged
originally in Chelan County, where the death occurred, but
was granted a new trial and a change of venue because of
prejudicial publicity. At the conclusion of this second trial

*Reported in 434 P.2d 584.

in King County, he moved again for a new trial, this time on the ground of alleged misconduct of a juror.

In support of this motion, the defendant offered affidavits of his attorneys, of a spectator at the trial, and of one of the jurors. The juror's affidavit showed that one of his fellow jurors, Leland H. LaFollette, and the other jurors had, during the course of the trial, discussed the possibility of getting information about the defendant's military training in World War II, and that the affiant cautioned them to make no such attempt. The affidavits of the spectator, Franc D. Fraley, and of the attorneys, H. B. Hanna and Charles W. Cone, stated that the juror LaFollette had made at least one telephone call to a member of the armed forces and had asked whether a person who had served as a rifleman in the 82nd Airborne Division would have received training in hand-to-hand combat. The defendant had testified that he had received no such training. The death for which it was alleged he was responsible occurred as the result of hand-to-hand fighting.

When this motion and these affidavits were presented to the trial court, the court, without advising counsel that he was taking such action, instructed the King County prosecutor to obtain an affidavit from juror LaFollette, and, if the circumstances warranted it, to institute contempt proceedings against the juror. An affidavit was obtained and did show that the juror had sought information outside of the evidence concerning the truth or falsity of the defendant's testimony. Contempt proceedings were instituted and resulted in his conviction.

Upon the basis of the information supplied by the juror in his affidavit, the trial court granted the motion for a new trial and the state has appealed, contending that the trial court exceeded its authority in so doing.

The appellant cites a number of our cases wherein we have held that the burden is upon the party alleging jury misconduct to show that such misconduct occurred, and that hearsay affidavits are not sufficient for this purpose. The earliest of these cases is *State v. Murphy*, 13 Wash.

229, 43 Pac. 44 (1895). Subsequent cases cited by the appellant are *State v. Wilson,* 42 Wash. 56, 84 Pac. 409 (1906); *State v. Simmons,* 52 Wash. 132, 100 Pac. 269 (1909); *Haggard v. Seattle,* 61 Wash. 499, 112 Pac. 503 (1911); *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449 (1911); *Maryland Cas. Co. v. Seattle Elec. Co.,* 75 Wash. 430, 134 Pac. 1097 (1913); *State v. Prince,* 154 Wash. 409, 282 Pac. 907 (1929); *State v. Patterson,* 183 Wash. 239, 48 P.2d 193 (1935).

In only one of the cited cases, *Maryland Cas. Co. v. Seattle Elec. Co., supra,* did this court reverse an order of the trial court granting a new trial. In each of the others, an order denying the motion for a new trial was sustained. In that case it was held that the reporter's stenographic report, containing a hearsay statement of what the foreman of the jury told the bailiff about a juror's misconduct, was not sufficient to invoke the discretion of the trial court. The trial court in that case did not conduct a hearing or obtain affidavits of the jurors on its own motion, but based its order granting the new trial on the "triple hearsay" contained in the reporter's notes.

This court said in that case, at 438:

Plainly, the statement of facts presents no competent evidence of misconduct of the jurors or any of them invoking the discretion of the trial court to grant a new trial. It was, therefore, error to entertain the motion as sufficient basis for the order.

It was plain in that case that the trial court granted the motion upon insufficient evidence. The question of whether the trial court could itself take evidence on alleged misconduct was not before the court in that case, since there was no undertaking of this kind on the part of the trial court.

Another case, wherein this court reversed an order granting a new trial on the ground that the trial court had abused its discretion, is *Sun Life Assurance Co. v. Cushman,* 22 Wn.2d 930, 158 P.2d 101 (1945). We recognized in that case the general rules that the granting of a new trial is discretionary with the trial court; that a much stronger showing of abuse of discretion must be shown when a new

trial is granted than when it is refused; that misconduct of a juror, which forestalls or prevents a fair and proper consideration of the case, is misconduct of the jury and vitiates the verdict; and that a trial by a jury, one or more of whose members is biased against one of the parties, is not a constitutional trial.

The losing party in that action alleged that one of the opposing parties had unfairly influenced one of the jurors by offering a job to his daughter. It appeared that the girl was sitting in the courtroom with two other girls, practicing her shorthand by taking notes on the trial, and that the branch manager of the plaintiff corporation, who was a witness at the trial, approached the girls and told them he needed help in his Seattle office. He did not realize that one of the girls was a daughter of a juror. There was no showing that this incident ever reached the attention of the juror. The defendant's attorney observed the incident and brought it to the trial court's attention, but did not ask for a mistrial. Instead he waited to ask for a new trial after the verdict was returned. We held that the defendant had waived any contention that there was an improper attempt to influence the jury, and that there was no showing that the juror had in fact been influenced. Therefore, this court held that the trial court abused its discretion in granting a new trial. Again in that case, there was no evidence before the trial court to justify the granting of a new trial on the ground of jury misconduct.

 The fact that the burden is upon the moving party to show any alleged misconduct of the jury by means of affidavits of persons having firsthand knowledge of the misconduct does not mean that the trial court is without power to order a new trial on its own motion if it finds that such misconduct occurred.

The question of the inherent power of the trial court to order a new trial on its own motion was settled by this court in the case of *Snyder v. General Elec. Co.*, 47 Wn.2d 60, 62, 287 P.2d 108 (1955). In that case this court said:

We have always recognized and all our decisions have proceeded upon the principle that a trial court has the

inherent power to grant a new trial if, in the exercise of its sound discretion, it is satisfied that substantial justice has not been done, even though in the past that was not listed by rule or statute as one of the grounds for a new trial.

In that case it was argued that, because Superior Court Rule 16 (34A Wn.2d 117), enumerating the grounds upon which a new trial could be granted on the motion of a party, listed as such a ground "[t]hat substantial justice has not been done," a new trial could not thereafter be granted for that reason unless it was included in "the motion of the party aggrieved."

We said that, where the trial court refuses to grant a new trial, the party aggrieved can rely, on appeal, only on those grounds which he included in his motion for a new trial. However, the rule is different where the trial court *grants* a new trial. It may do so on a ground not assigned in the motion. We quoted at length, with approval, from *DeVall v. DeVall,* 60 Ore. 493, 118 Pac. 843, 120 Pac. 13 (1912), wherein the Oregon court said the trial court has the inherent power to grant a new trial on its own motion and, unless that power has been inhibited by statute, may exercise that power if error appears in the record which did or might result in a miscarriage of justice.

We said that Rule 16 did not attempt to limit the inherent power of the superior courts to grant new trials on the ground that substantial justice has not been done, and to exercise that power sua sponte. We held that the superior court has this power. Our holding is in accord with the weight of authority. See annotation, 85 A.L.R.2d 486. As the cases in that annotation demonstrate, if there is any question of the propriety of its exercise in a criminal case, that question concerns possible prejudice to the rights of the defendant, not interference with some right of the prosecution.

If the superior court has the inherent power to grant a new trial on its own motion on a ground not listed in the applicable rule or statute, it certainly has the power to grant such a trial on a ground which is listed. Our new

rules, which were not in effect when this case was tried, in fact recognize this power. CR 59(d) provides:

> Not later than 5 days after entry of judgment, the court of its own initiative may order a hearing on its proposed order for a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds thereof.

We conclude that the trial court on its own motion had the inherent power to grant the new trial on the ground of misconduct of a juror. If it had the power to order a new trial on such a ground without the necessity of a motion by one of the parties, it must necessarily have had the power to take evidence to determine whether misconduct, the possibility of which had been brought to its attention, had in fact occurred.

We hold that, while the affidavits of the defendant were not sufficient in themselves to invoke the discretion of the trial court, the trial court was not precluded from proceeding on its own initiative to obtain the evidence necessary to determine whether prejudicial misconduct had occurred. The question whether the affidavits, which were before the court when it initiated the contempt proceeding, were sufficient to invoke its jurisdiction in that proceeding is not before us on this appeal. (*See State ex rel. Erhardt v. MacGillivray*, 52 Wn.2d 485, 326 P.2d 738 (1958)).

■ Also, the appellant does not complain that it was denied an opportunity to obtain countervailing affidavits or to cross-examine the juror. It is the general rule that the trial court, when it proceeds sua sponte, must give notice and an opportunity to be heard to both parties. See annotation, 23 A.L.R.2d 852. The appellant complains that the court proceeded on its own initiative to obtain the affidavit without *requesting* the attorneys to obtain further affidavits, but it does not suggest that the attorneys on either side requested an opportunity to obtain further affidavits and were denied it. Therefore, the complaint of the appellant does not amount to a contention that an adequate opportunity to be heard was denied the state. (We assume, since it

is not necessary to decide the question, that the state has a constitutional right or a right otherwise derived to receive notice and an opportunity to be heard.)

■ The appellant also urges that, in order to justify the granting of a new trial on the ground of misconduct of the jury, it is necessary that prejudice be shown. The rule is that prejudice is presumed where the misconduct constitutes a violation of a statute. *State v. Rose,* 43 Wn.2d 553, 262 P.2d 194 (1953), and cases cited. Where misconduct is admitted, a juror cannot be heard to deny its prejudicial effect. *State v. Rose, supra; State v. Bennett,* 71 Wash. 673, 129 Pac. 409 (1913). In the latter case the trial court undertook its own investigation of the alleged misconduct, and that procedure was not questioned in this court.

■ That the taking of evidence outside the court by a juror constitutes misconduct depriving the defendant of a fair trial cannot be doubted. It is a violation of the defendant's right to confront the witnesses against him and to cross-examine them; it is punishable by the civil contempt statute (RCW 7.20.010), and it is held to be grounds for a new trial by the courts. *See* 39 Am. Jur. *New Trial* § 79 (1942); 53 Am. Jur. *Trial* § 896 (1945); 58 A.L.R.2d 592.

The order is affirmed.

FINLEY, C. J., HILL and WEAVER, JJ., and OTT, J. Pro Tem., concur.