**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank Edward GEGAX, Defendant-
Appellant.**

**No. 74–1480.**

United States Court of Appeals,
Ninth Circuit.

Nov. 18, 1974.

James B. Oliver of Cabrera & Oliver, Torrance, Cal., for defendant-appellant.

V. DeVoe Heaton, U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and SMITH,* District Judge.

OPINION

RUSSELL E. SMITH, District Judge.

An aircraft crashed on a highway near Tonopah, Nevada, at night. The defendant and about 1300 pounds of marihuana were on it. After unloading some of the marihuana, defendant fled some 20 miles into the desert. He was tracked and apprehended. He was charged with possession in Count I (21 U.S.C. § 841(a)(1)) and importation in Count II (21 U.S.C. §§ 952(a) and 960). He was convicted on Count I, and Count II was dismissed by the court. His defense as to Count I was that he had

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

been forced to do what he did by one° Larson. The defense depended entirely upon defendant's testimony which, in light of the facts developed, was simply not. credible. Following the verdict defendant's motion for a new trial was denied.

The claim of misconduct on the part of the prosecutor borders on the frivolous and deserves no discussion.

When arrested defendant was advised that he had a right to remain silent, that anything he said might be used against him, and that he had a right to a lawyer, government-appointed if necessary, before he was questioned. Some 30 minutes later he made statements which were admitted. He was not warned immediately prior to making the statements. The court, after a hearing out of the presence of the jury, found the statements to have been made voluntarily.

 A power is vested in the trial court by statute (18 U.S.C. § 3501(b)) to consider all of the circumstances surrounding the giving of a confession (any statement being regarded as a confession) without regarding any as conclusive. Where the only claim is that there was a failure to repeat a warning given 30 minutes earlier it cannot be said that the trial court's finding of voluntariness is erroneous.

An affidavit executed by one of defendant's attorneys states that a juror told him that after the case had been submitted and before the verdict she had talked to her husband about a fact in the case. Since affiant had no first-hand knowledge and the existence of the fact depended upon the truth of the juror's statement, it was hearsay.

There was no showing made as to why affidavits were not obtained from the juror or her husband. No. effort was made to use the subpoena power of the court to bring the juror and her husband in and take their testimony in open court. While affidavits may be used on a motion for new trial, a trial judge may not be held in error for re-

fusing to find in accordance with an affidavit of counsel who has no first-hand knowledge of the matter asserted, at least under the circumstances of this case. See Dirring v. United States, 353 F.2d 519 (1st Cir. 1965); Kleinschmidt v. United States, 146 F.Supp. 253 (D. Mass.1956); Petition of Weltzien, 68 F. Supp. 1000 (S.D.N.Y.1946); Julien v. Barker, 75 Idaho 413, 272 P.2d 718 (1954); State v. James, 70 Wash.2d 624, 424 P.2d 1005 (1967).

The judgment is affirmed.