**Joseph FISHER, et al.,
Defendants-Appellants,**

v.

**George T. DAVIS, Plaintiff-Appellee.**

**No. 3–984A243.**

Court of Appeals of Indiana,
Third District.

Feb. 11, 1986.

George E. Herendeen, Voor, Allen, Fedder, Herendeen and Kowals, South Bend, for defendant-appellant Joseph Fisher.

J. David Keckley, South Bend, for defendant-appellant Doolittle Realty, Inc.

W. Russell Sanford, Plodowski & Sanford, South Bend, for defendants-appellants Charles Fraga and The Real Estate Exchange, Inc.

William W. Knowles, Raymond L. Faust, Baker, Orbison, Bales & Knowles, Carmel, Alexander Lysohir, Lysohir & Singer, South Bend, for plaintiff-appellee.

GARRARD, Judge.

George T. Davis (Davis) sued the defendants, Henry E. Carter, Lora M. Carter, The Real Estate Exchange, Inc., Charles Fraga, Doolittle Realty, Inc., Pat Howard, Joseph Fisher, and Pritchard Services, Inc. (collectively referred to as Fisher) on a variety of theories seeking damages and rescission of a land contract. The dispute arose out of Davis' purchase of a restaurant. After a trial on the merits, the jury returned verdicts in favor of all the defendants as to all of plaintiff's theories.

On May 15, 1984 Davis filed a motion under Indiana Rules of Procedure, Trial Rule 50 requesting that the court enter judgment notwithstanding the verdict against Doolittle Realty, Inc. on Davis' claim for fraud in the sale of restaurant equipment, or in the alternative for a new trial "and for all other proper relief." Record at 47. As of that time no judgment had been entered and no motions under Rule 59 had been filed.

On August 2, 1984 the trial court issued what it termed a ruling on Davis' Rule 59 motion. The court granted Davis a new trial on all theories and as to all defendants except Pritchard Services, Inc. From this ruling, the defendants appeal. At a pre appeal conference, it was decided that a bifurcated submission would be allowed. First, arguments would be heard on the

trial court's power to order a new trial in the fashion it did. Second, correctness of the trial court's order, given the evidence in the record, would be argued. This opinion deals only with the first question.

## I.

In granting a party's motion for a new trial, could the trial court go beyond the parties and issues presented in the motion and grant relief as to other parties and issues?

Initially, we note that in this section of our opinion, we are dealing with the trial court's order as a ruling on Davis' TR 50 motion. Any mistake made in denominating the ruling as a ruling on a motion to correct errors would, of course, be harmless error since it would not affect the rights of the parties.

Davis' TR 50 motion specifically asks for a judgment on the evidence, or in the alternative, a new trial with respect to one issue and one party. Obviously, with respect to that issue and that party, the trial court had the power to order a new trial.

The TR 50 motion also contains a general prayer for relief. Did this general prayer act to bring all issues and all parties before the trial court?

■ One of the basic principles involved in the concept of due course, or due process, of law is that when one's interests are litigated, one should receive notice of that fact. In the context of a motion, this means that "generally, a party interested in resisting the relief sought by a motion has a right to notice sufficient to give him an opportunity to be heard." 56 Am.Jur.2d *Motions, Rules, and Orders* Section 10. At minimum, the notice should inform the parties that their interests are involved and the manner in which those interests are being attacked.

■ A general prayer does not abrogate the notice principle. "Where the notice of motion asks for specific relief, or for such other or further order as may be just, the court may, under the alternative clause, afford any relief compatible with the facts presented." 60 C.J.S. *Motions and Orders*, Section 39(b). Thus, it merely puts the named party on notice that under the facts presented in the motion, the trial court might choose to give some other relief than that specifically asked for. It does not give other parties any notice that their interests are being dealt with in any way. *See*, for example, *Caltram Equipment Co., Inc. v. Rowe* (1982), Ind.App., 441 N.E.2d 46, 48 where this court held that "[t]he trial court was not empowered by the show cause order to grant Rowe every possible relief, but only such as was incidental to and not entirely distinct from that specifically asked."

■ Therefore, unless the trial court could grant a new trial in the fashion it did, on its own motion, it was an error to grant a new trial as to claims for relief and parties not specified in the motion.

## II.

■ In Indiana, courts have the inherent power to grant new trials *sua sponte*, *State v. Bowling* (1970), 253 Ind. 634, 256 N.E.2d 392, and are expressly authorized to do so by TR 59(B). As a necessary corollary, trial courts are not limited to granting new trials based on the issues that the parties present to them. Indeed, the court should order a new trial when the jury's verdict is against the weight of the evidence presented in the case. *Huff v. Travelers Indem. Co.* (1977), 266 Ind. 414, 363 N.E.2d 985. *See also Behning v. Star Fireworks Mfg. Co.* (1973), 57 Wis.2d 183, 203 N.W.2d 655.

■ However, a trial court is not free to simply enter an order for a new trial. Instead, the weight of authority in the United States is that the trial court too must give notice to the parties of its intent to order a new trial and opportunity to be heard thereon. *State v. Hawkins* (1967), 72 Wash.2d 565, 434 P.2d 584; Annot., 23 A.L. R.2d 852 (1952).

■ Given that the trial court did not give the parties notice of its intent to order

a new trial, the trial court committed error. Furthermore, we may not presume the error was harmless upon the ground that after giving notice and opportunity to be heard the court may grant the same relief. Instead, we presume the court will always give due regard to the arguments of counsel and their ability to illuminate the questions upon which the court is concerned.

Thus, while we may not yet consider the propriety of the new trial ordered on the claim of fraud against the defendant, Doolittle Realty, Inc., we reverse the grant of new trial as to all other defendants and as to Doolittle Realty, Inc. on plaintiff's other claims for relief.

Reversed and remanded for such further proceedings as may be necessary, consistent herewith.

HOFFMAN, J., concurs.

STATON, P.J., dissents and files separate opinion.

STATON, Presiding Judge, dissenting.

I dissent. The trial court did not error in granting a new trial on its own motion. The majority Opinion has adopted a premise which is in conflict with the Indiana Supreme Court Rules. The premise adopted states:

"Therefore, unless the trial court could grant a new trial in the fashion it did, on its own motion, it was an error to grant a new trial as to claims for relief and parties not specified in the motion."

The Indiana Supreme Court Rules gives the trial court the authority to grant a new trial on its own motion even though a new trial was not requested.

Trial Rule 50(C) and (D) provide:

"(C) New Trial in Lieu of Judgment on the Evidence. When judgment on the evidence is sought before or after the jury is discharged, the court may grant a new trial as to part or all of the issues in lieu of a judgment on the evidence when entry of a judgment is impracticable or unfair to any of the parties or otherwise is improper, whether requested or not.

(D) Reasons for Judgment on the Evidence—Partial Relief. A motion or request for judgment on the evidence shall state the reasons therefore, but it need not be accompanied by a preemptory instruction or prayer for particular relief. In appropriate cases the court, in whole or in part, may grant to some or all of the parties a judgment on the evidence or new trial in lieu thereof. Unless otherwise specified a motion or request for a judgment on the evidence is general, but the court shall grant such judgment or relief only as is proper."

Furthermore, Trial Rule 59(B) provides that a motion to correct errors may be made by the trial court, or by any party. When the trial court grants relief on the motion, it *shall* take such action as will cure the error, including without limitation the following with respect to *all or some* of the parties and *all or some* of the errors:

"(1) Grant a new trial; or

\*    \*    \*    \*    \*    \*

(7) In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of the non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence."

Under either rule, Trial Rule 50 (C), (D) or Trial Rule 59 (B), (J), the trial court had expressed authority to go beyond the specific issues and parties set forth in Davis' Trial Rule 50 motion when it fashioned its order for a new trial. The very purpose of these rules is to give the trial court broad discretion to effect justice in each particular case regardless of its procedural posture.

I would affirm the judgment of the trial court.